## DOHMEN, Appellant, v. SCHLIEF et al.

### Division One, February 10, 1904.

1. **Contract to Board:** CHARGE ON REALTY: MARRIED WOMAN: TRUST. The owner of notes, being desirous of securing a home for his old age, entered into a written agreement with his brother-in-law whereby it was agreed that he would deliver up the notes to the brother-in-law and his wife, in consideration of which the brother-in-law agreed to pay him during his natural life $30 per month, of which $10 was to be applied in paying for his board and lodging, and at his death the principal of said notes was to be paid to the brother-in-law's wife and her children in specific amounts to each. *Held*, first, that, as the wife did not sign the agreement and did not own any real estate, it created no trust either personal to her or as to her real estate; second, the agreement created no trust that would attach to the real estate of the brother-in-law, and was in no sense a personal trust, but a plain contract to pay money and furnish board and lodging.

2. ———: ACKNOWLEDGED BY WIFE: UNDELIVERED DEED. A recital by the wife in a deed made after her husband's death, but which was never delivered, that she had, with her husband, executed the said contract, amounts to nothing, and is not binding on her estate or her heirs. Delivery is necessary to make a deed or other written instrument effective and binding.

Appeal from Osage Circuit Court.—*Hon. Jno. W. McElhinney,* Judge.

AFFIRMED.

*Ryors & Vosholl* for appellant.

(1) The facts stated in the petition show a trust created in 1882 by plaintiff, C. W. Holtschneider and his wife Regina as trustees. Padfield v. Padfield, 72 Ill. 322. Where a person arranges with his debtor to hold the money for a specific purpose a trust is created. Eaton v. Cook, 25 N. J. Eq. 55; In re Soulard, 141 Mo. 659; Pitts v. Weakly, 155 Mo. 134. (2) The filing of petition by plaintiff is evidence of the creation of the trust so far as he is concerned. Cornelius v. Smith, 55 Mo. 533. The instrument acknowledged in 1892 by Regina Holtschneider is clear evidence of the trust, its beneficiaries, its subjects and its terms. Porter v. Woods, 132 Mo. 549; Padfield v. Padfield, supra. Direction by a person to his debtor to hold the money for specific purposes creates a trust. Eaton v. Cook, supra; Belmont v. Coman, 22 N. Y. 438. (3) The coverture of Regina Holtschneider in 1882 did not bar her from becoming trustee with her husband. 27 Am. and Eng. Ency. Law, 20; 2 Bright's Hus. and Wife, p. 55; 4 Kent (12 Ed.), p. 327.

*Pope & Vaughn* for respondents.

Plaintiff did not state a cause of action in his petition, having failed to state that the instrument executed by Regina Holtschneider was delivered. He failed in his proof of many things. He failed to identify the property sought to be charged, as well as in proving a delivery of the deed. He also failed to prove how much, if any, was due on the contract said to have been made with Holtschneider and wife. He did prove that on September 20, 1882, when the contract is said to have been made, Regina Holtschneider was a married woman, and that the estate of Charles W. Holtschneider had been fully administered at the commencement of this suit. Being a married woman, she could not bind herself by contract

at that time.   The statute enabling a married woman to contract was enacted in 1899.   (R. S. 1899, sec. 6864.) She had no separate estate.   Plaintiff does not attempt to prove she had.   Her contract, if she ever made any, was void.   Chouteau v. Merry, 3 Mo. 254; Baurer v. Baurer, 40 Mo. 61; Sewing Machine Co. v. Maxwell, 63 Mo. 486; Boatmen's Bank v. Collins, 75 Mo. 280; Davis v. Smith, 75 Mo. 219; Mockel v. Heim, 46 Mo. App. 340; Boatmen's Bank v. McMenamy, 35 Mo. App. 198; Taylor v. Pullen, 152 Mo. 438; Higgins v. Peltzer, 49 Mo. 152; Bragg v. Isreal, 86 Mo. App. 383; Van Rheeden v. Bush, 44 Mo. App. 283.   The contract of a married woman being void, her affirmation after she becomes single, is not binding.   A moral obligation is not a good consideration for a promise.   Musick v. Dodson, 76 Mo. 624.   It would have been impossible, from the evidence before the court, for it to have framed a decree of any kind.

*Ryors & Vosholl* for appellant, in reply.

If it be held that coverture barred the wife from being bound by the agreement (she says she signed in 1882), yet "under the facts the wife's title to the property under the will of her husband would be coupled with, if not subordinate to, the prior or paramount charge of plaintiff's equities thereto under said contract with her husband."   Sharkey v. McDermott, 91 Mo. 653.   In fact, all the parties being privies in estate hold the property derived from C. W. Holtschneider subject to the trust of 1882.   3 Leading Cases in Equity (White & Tudor), Penn. v. Lord Baltimore, side page 767, 780. "A trust shall be executed against all who claim by privity."   2 Comyn's Digest, pp. 38, 723; Schmucker v. Reil, 61 Mo. 596.   "An imperative direction to hold the property for certain express purposes" creates a trust.   Underhill on Trusts (American Ed.), p. 19.

MARSHALL, J.—This is an action for an accounting, wherein the petition alleges that there is due the plaintiff the sum of $7,069.44. There was a judgment for the defendants and the plaintiff appealed.

The facts are as follows:

The plaintiff is a very old man, being considerably over eighty years of age. On the twentieth of September, 1882, and for many years prior thereto, he had lived with his brother-in-law, C. W. Holtschneider, and his wife, a sister of the plaintiff. He had notes executed to him by said Holtschneider, which aggregated, to-wit, $4,457. Being desirous of securing a permanent home with his said relatives, he, on the day stated, entered into a written agreement with his said brother-in-law, whereby it was agreed that he would deliver up to his said brother-in-law, and his said wife, Regina, said notes, in consideration of which he, said brother-in-law, agreed to pay plaintiff during his natural life the sum of thirty dollars per month, of which ten dollars was to be applied to the payment of the board and lodging of plaintiff in his brother-in-law's house, as long as plaintiff continued to live at his house, and at plaintiff's death the said brother-in-law was to pay the principal represented by said notes as follows: to Mary Porth, daughter of Regina Holtschneider, the sum of one thousand dollars; to Jennie Reilly, daughter of said Regina, the sum of one thousand dollars; to Ludwig Reilly, son of said Jennie Reilly, the sum of two hundred dollars; to Henrietta Schlief, daughter of said Regina, the sum of twelve hundred dollars, and the remainder to said Regina.

It is alleged in the petition that Regina signed this agreement, but this is expressly denied in the answers, and there is no competent evidence in the record that she ever did so. The petition alleges that in this way a trust fund was created, and that said C. W. Holtschneider and Regina became thereby trustees, and it is contended that

they thereby charged their real estate with said trust. But as Regina did not sign said agreement and did not at that time own any real estate, it cannot be successfully contended that she so created any trust either personal to herself or as to any real estate. It is also plain that there was no trust created by said C. W. Holtschneider that would attach to his real estate, but that it was a simple contract to board and lodge plaintiff and to pay him a certain sum per month for life and after his death to pay the principal sum to the persons named, which contract was in no proper sense a personal trust, but was a plain personal obligation to pay money and furnish board and lodging.

Thereafter the plaintiff continued to reside with C. W. Holtschneider, but how long the evidence does not disclose. It was shown, however, that he has received in all from C. W. Holtschneider, Regina and the executors of the wills of their estates, only the sum of two hundred and fifty dollars in money. C. W. Holtschneider died testate May 13, 1883, leaving certain real estate in St. Louis to his daughter Jennie Reilly, and the balance of his estate in Osage, Maries, Miller and Cole counties and in the city of St. Louis to his wife Regina, but the will expressly states that he is unable to give a particular description of it, and no attempt was made in this case to give a description of either the whole or any part thereof. The plaintiff offered in evidence a copy of an agreement that is alleged to have been made on September 10, 1886, between Regina Holtschneider and Henry Porth, her son-in-law, in which it is recited that C. W. Holtschneider and Regina made the agreement with the plaintiff, of September 20, 1882, hereinbefore referred to, which provided for the board of plaintiff, etc., and then recited that for the purpose of carrying out the contract, said Regina conveyed to said Porth all the real estate in the city of St. Louis which she acquired under the will of her husband (no other descrip-

tion is given), and whereby she provided further that the property should remain subject to her control and disposition during her life, and after her death it should be subject to the control and disposition of said Porth. She directed further that after her death her executors or administrators, out of the personal estate, should pay the money directed to be paid by said contract of September 20, 1882, and that "in fault" of such payments said Porth should sell the real estate conveyed by the agreement, and pay the same. This paper was dated September 10, 1886, but the uncontradicted evidence is that it was not signed until June 13, 1892, when it was signed by said Regina Holtschneider and Henry Porth, and acknowledged by said Regina, but it was never delivered by said Regina to said Porth nor to any one else, nor did said Porth ever have possession of it, but it remained in the possession of said Regina as long as she lived, and after her death it was found by Porth's wife among her papers in her trunk.

Upon this showing the chancellor found the fact to be that the instrument had never been out of the possession of Regina at any time, and never having been delivered it was of no legal force.

The estate of C. W. Holtschneider was fully wound up years ago, and the plaintiff exhibited no claim against it. Regina Holtschneider died testate on January 2, 1900, leaving a legacy of fifty dollars to her daughter, Jennie Reilly, and bequeathing all the balance of her property to her daughters Mary Porth and Henrietta Schlief equally. Her will follows the language of her husband's will, and refers to property in Osage, Maries, Miller and Cole counties and in the city of St. Louis, and declares that she is unable to give a particular description of it. After her death the plaintiff instituted this action against her three daughters, Henrietta Schlief, Mary Porth (and their husbands) and Jennie Reilly, and the latter's son, Ludwig Reilly, and against the executors of Regina's estate.

As stated, the chancellor entered judgment for the defendants, and the plaintiff appealed.

The plaintiff predicates a right to recover upon two premises, first, that C. W. Holtschneider and Regina, his wife, entered into the contract with the plaintiff of September 20, 1882, and second, that Regina recognized that contract and provided an estate upon which it should be a charge by her agreement or deed to Henry Porth, dated September 10, 1886, and acknowledged June 13, 1892. The defendants deny that Regina ever signed or executed the contract of September 20, 1882, and there is no evidence whatever that she ever did so, unless her statement in the deed of September 10, 1886, that she executed the contract with her husband, is evidence against her and her representatives that she did so. The trial court found that the deed of September 10, 1886, was never delivered by Regina, and its finding is in accordance with the uncontradicted evidence in the case. This being true, the deed was of no force or validity in law. It follows, therefore, that the statement therein contained that she executed the contract of September 20, 1882, with her husband, amounts to nothing, and is not binding upon her or her representatives. The contract of September 20, 1882, was not produced or offered in evidence, and its absence is not accounted for, and there is no evidence as to its contents, nor in fact that there ever was such a contract at all. And if it were not for the admissions of the answer that such a contract was made by plaintiff with C. W. Holtschneider, there would be no foundation in the case for any reference to such a contract. This, however, does not help the plaintiff's case, for the answers expressly deny that Mrs. Regina Holtschneider ever signed the contract or was a party to it, and it is her heirs and her estate that are sought to be held liable in this action. There is, therefore, no evidence whatever to show that Regina Holtschneider ever entered into any such contract, and

hence her representatives can not be held liable by reason of any contract between her and the plaintiff.

The only other pretended foundation for the claim is the deed of September 10, 1892, to Henry Porth. But as this instrument was never delivered by her to Porth or to any one else, but remained in Regina's possession during her life and was found among her papers after her death, it never ripened into a legal instrument and no one acquired any rights whatever under it. Delivery is necessary to make a deed or other written obligation effective and binding. [Hall v. Bank, 145 Mo. 418; Powell v. Banks, 146 Mo. 620; Mudd v. Dillon, 166 Mo. 110.] "An undelivered deed is of no more effect than if it were not signed." [McVey v. Carr, 159 Mo. 648.]

The plaintiff, therefore, wholly failed to make out any case, and the trial court properly entered a judgment for the defendants, and its judgment is affirmed. All concur.