WARD et al., *Executors, Plaintiffs in Error*, v. IHLER.

Division Two, February 4, 1896.

Land and Land Titles: DISPUTED BOUNDARIES: AGREED LINE: OCCUPANCY: STATUTE OF FRAUDS.    While a disputed boundary line betwen adjoining proprietors may be settled by agreement between them as to where the line shall be, followed by occupancy for the time necessary to bar an entry, and such agreement is not within the statute of frauds and the occupancy will confer title regardless of where the true line is, the same is not true of the projection of such agreed line beyond the point of occupancy, and in the latter case the agreement is within the statute of frauds and the possession of each owner will follow his title to the true line, to be determined by the government corners and field notes.

*Error to Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*J. R. Edwards* for plaintiffs in error.

The petition states all the statutes require.    R. S. 1889, sec. 8675; *Bell v. Clark*, 30 Mo. App. 224; *Renshaw v. Loyd*, 50 Mo. 368; *Brown v. Hartzell*, 87 Mo. 567; *Henry v. Low*, 73 Mo. 96..    The answer is a general denial and when plaintiff showed an unbroken title to the land this carried with it possession, unless it

could be shown that someone was in actual possession, which was not shown. Authorities above cited. It is not contended by anyone that they had any claim, so that it clearly appears from the evidence that taking either line, the timber was cut on the Ward forty and this is sufficient to entitle plaintiffs to recover. *Barbarick v. Anderson*, 45 Mo. App. 270; *Cook v. Redman*, 45 Mo. App. 397; *Hammontree v. Huber*, 39 Mo. App. 326. The only question that is brought out in the evidence of the witnesses is to strengthen plaintiffs' right, by showing that the line between plaintiffs' land described in the petition and defendant's had long ago been established and agreed upon by the original owners, in addition to the paper title held by plaintiffs which gave them the constructive possession, and where no actual possession shown adverse to plaintiff, such constructive possession is sufficient to maintain trespass. *Bell v. Clark, supra; Brown v. Hartzell*, 87 Mo. 568; *Stoddard Co. v. Malone*, 115 Mo. 508. When adjoining proprietors meet and agree upon a division line between their lands, such agreement is binding on them and those claiming under them. *Turner v. Baker*, 64 Mo. 218; *Jacobs v. Moseley*, 91 Mo. 457. The case of *Schad v. Sharp*, 95 Mo. 573, is not in point. The fact that the corner where the timber was cut was not fenced cuts no figure in the case. It is admitted to be on the Ward forty acres. When the adjoining owners meet and agree upon a line dividing their lands, and there is no mistake about such line, it is binding on them and those claiming under them. *Knowlton v. Smith*, 36 Mo. 507; *Cole v. Parker*, 70 Mo. 372; *Handlan v. McManus*, 100 Mo. 125. Possession on the part of Ward was a bar by limitation to any claim of defendant, unless he showed some act to remove the bar. Authorities above cited; *Battner v. Baker*, 108 Mo. 311; 111 Mo. 404.

*W. S. Pope* and *C. Waldecker* for defendant in error.

Title to lands can not be acquired or lost by such loose expressions and uncertain acts as testified to by the witnesses in this case. There is no pretense that there was any contention between the parties about the line. The lands in contention were never in the actual possession of either, and the possession follows the title. If the title to the land was vested in Ihler, as there can be no doubt, and about which there is no dispute, then Ihler was in possession. *Brown v. Hartzell,* 87 Mo. 568, and other cases cited by appellant. The appellant can find no consolation in *Schad v. Sharp,* 95 Mo. 573, nor any other authorities quoted by him. The fact that there is a contention about the true line between adjoining proprietors, and in the course of the dispute they agree on a line, is the fact that makes the line binding. The same may be said of *Handlan v. McManus,* 100 Mo. 125. A careful perusal of the authorities cited by the plaintiff in this case, taken in connection with the evidence in the case, is all we desire or ask, and abundantly justified the trial court in sustaining a demurrer to the testimony. The government corners, being yet in existence, must govern. *Knight v. Elliott,* 57 Mo. 317; *Jacobs v. Moseley,* 91 Mo. 457.

SHERWOOD, J.—Action of trespass under the statute to recover treble damages for certain timber alleged to have been cut on the northeast quarter of the southwest quarter of section 8, township 43, range 11, owned by plaintiffs' testator.

Defendant and that testator were conterminous proprietors; the latter owning the forty already described and the former "was owner of the adjoining

forty acres on the *west*," as plaintiffs state; and defendant's counsel declare that: "The defendant owns the land immediately *west* of that tract," referring to the tract first aforesaid described. In another place, defendant's counsel assert that, "Ward owned the northeast quarter of southwest quarter, and Edward Ihler, through whom defendant acquired title, owned the forty immediately *west*." But the land on which the trespass is supposed to have occurred was, as stated in the petition, the northeast quarter of the southwest quarter. If so, then if defendant owned the forty immediately *west* of that, then he must have owned the northwest quarter of the southwest quarter.

The plat, however, hereto subjoined, and which was used by the witnesses when testifying, shows that Ihler owned the forty immediately *east* of that owned by plaintiff's testator, and the language of the witnesses corresponds with the plat in this particular, for Fowler, the deputy surveyor who assisted in surveying between the respective proprietors and running the true line according to government field notes, said when referring to the plat before him: "This land here on the *west* here is owned by Mr. Ward; this is Mr. Ward's land; this is west right here (indicating on plat). I am holding it in front of the jury so that they can understand the map. This on this side here is Mr. Ihler's; this is the line running right through the center of section 8, and there seems to have been an old line there before we got there; line running down here where you see those dots made along there." If this is so, then Ihler owned the northwest quarter of the *southeast quarter*.

At the trial defendant admitted that he cut the timber as charged in the petition, but claimed that it was cut on his own land.

Ward v. Ihler.

B to C represents old line south of the fence, distance about 230 yards.
C to b represents old line north of the road, distance about 210 yards.

A to a represents new line.
B to b represents old line.

It seems from the testimony of Fowler that on the north of the Castle Rock road to Jefferson City, the land had been fenced, but not to the south of that road, such fence being placed on the dotted line on the north side of that road, but did not extend to the south side of the Castle Rock road, where the dotted line again appears. This fence from its north initial point, extended half way down the line of the forty and stopped at the Castle Rock road. On the north side of that road there was no timber, but the land was cultivated up to the fence on both sides of the agreed line by the adjoining proprietors. The timber in question was cut on the south side of the Castle Rock road, and on the Ihler side of the true line, west of the dotted line, and east of the true line as shown on the plat. The place where the timber was cut was wood land, and no fence existed or had ever been put there between the conterminous proprietors; and the surveyors had the government corners to go by, there being no dispute about such corners on either side of the section.

E. W. Ward had, it seems, bought the land in 1864, and the cultivated land had been in cultivation twenty-seven years, on both sides of the fenced line. After Ward took possession, Ihler came, and in 1867 the parties had the line, as shown by the dotted line, run off. There was no dispute about the location of the line, but the parties Ward and Ihler agreed to build a fence on the dotted line they agreed upon north of the Castle Rock road, and each built his portion of the fence, and they agreed upon that line, as one witness states, as the correct line clear through the forty, though there was no fencing done, cultivation, or adverse possession taken except for the distance of the fence made on the north side of the Castle Rock road. This is the substance of the testimony.

The trial court on conclusion of the plaintiff's evidence, gave, at the instance of defendant, an instruction in the nature of a demurrer, etc., whereupon, after the usual steps, the cause was taken on error to the Kansas City court of appeals, where the judgment was affirmed; but on motion of plaintiff's suggesting that the case was one involving title to real estate, an order of transfer was made to this court.

After looking carefully through the testimony in this case no reason is seen to doubt the correctness of the ruling of the trial court or of the judgment of the court of appeals in affirming the same. The only question before the court was as to where the true line was *at the point where the alleged trespass occurred.* Under frequent rulings of this court where a line is in dispute and parties agree upon what is the correct line, and take possession and occupy in accordance with such agreement for the time requisite to bar an entry, title will be conferred regardless of where the true line is. And such agreement is not within the statute of frauds. *Jacobs v. Moseley,* 91 Mo. 457, and cases cited; *Krider v. Milner,* 99 Mo. 145.

But it has never yet been determined what the effect would be where the agreement as to a given line is made to extend far beyond any boundaries of actual occupancy. No court or text-writer has yet ventured to assert such tentative line would not be within the statute of frauds. No court has ever decided that such *projected* line unaccompanied by occupancy would be binding on the parties agreeing thereto.

In this case, then, plaintiff's testator acquired no title to the land not actually occupied by the inclosure made. The rest of the land being unhampered by such occupancy, the possession of each owner followed his title to the true line, and that was to be determined by

the government corners and field notes. *Knight v. Elliott*, 57 Mo. 317; *Jacobs v. Moseley*, 91 Mo. 457.

In every substantial incident this case closely resembles that of *Goltermann v. Schiermeyer*, 125 Mo. 291. Following the ruling in that case we affirm the judgment. All concur.