CARTER, *Appellant*, v. HORNBACK.

### Division Two, May 25, 1897.

1. **Ejectment:** EVIDENCE: RECORD OF SURVEY BY DEPUTY SURVEYOR. It is a well settled rule of law that official acts done by a deputy must be done in the name of the principal. Where a record of a survey which was signed "E. Lloyd, deputy county surveyor," is offered in evidence, it was properly excluded.

2. ———: SURVEY BY DEPUTY SURVEYOR MADE BY MUTUAL CONSENT OF PARTIES. A survey made by a deputy surveyor in his own name is not entitled to record. Its record therefore is not admissible as evidence. If, however, the survey was made by mutual consent of the parties to the suit, it was competent evidence; but the record would not then be competent evidence, while the original would be.

3. ———: EVIDENCE: SURVEY BY GOVERNMENT SURVEYORS. Corners established by United States surveyors in surveying the public lands are conclusive as to the actual location of the boundary lines of sections, and their legal subdivisions, and it can not be shown that such corners were mistakenly located by said surveyors. But where corners thus established can not be found, then courses, distances, bearings, metes and bounds and areas as given by the field notes of the United States survey, will control in ascertaining such corners.

4. ———: POSSESSION: CLAIMS OF OWNERSHIP. Payment of taxes on land, cutting and hauling firewood, sawing timber and making rails therefrom and clearing the same, do not constitute possession but merely tend to show claim of ownership. Defendant's actual possession in the absence of color of title extends only to that part actually inclosed by him.

*Appeal from Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

REVERSED AND REMANDED.

*Harrison & Harrison* for appellant.

(1) The court erred in excluding the re-survey signed "E. Lloyd, Deputy County Surveyor," made

and recorded in 1870.   G. S. 1865, sec. 19, p. 164; R. S. 1889, sec. 8320.   Surveys made by county surveyors or their deputies shall be considered legal evidence in any court in this State.   G. S. 1865, sec. 11, p. 163; R. S. 1889, sec. 8312.   (2) It was shown by surveyor Edwards and others that E. Lloyd was deputy county surveyor.   And it was shown by defendant Sam Hornback and his brother, John Hornback, that Lloyd's survey was by mutual consent of the parties then interested.   Therefore, the excluded record was admissible as competent evidence to show the corner for the two reasons.   R. S. 1889, sec. 8312.   (3) Courts will take judicial notice of the civil officers in the counties in which they hold their sittings and of the genuineness of their signatures and of those of such deputies as the law authorizes.   1 Rice on Ev., p. 25; *People v. John*, 22 Mich. 460.   (4) The presumption is that the county surveyor recorded the survey made by E. Lloyd his deputy as the law directed as it is properly recorded in the record by him required to be kept.   *Lyttle v. Arkansas*, 9 How. 333; *Gibson v. Chouteau's Heirs*, 39 Mo. 536.   (5)   The court improperly, over the objection of plaintiff, allowed surveyor Edwards to testify what effect running that quarter section line from the north line of the section starting at the point established or found to be the government corner by E. Lloyd would have on the measurement in area; because it was intended to show a mistake made by the United States surveyor in locating the corner.   Corners established by the United States surveyor on public lands are conclusive as to actual location and as to the boundary line of sections and subdivisions thereof as authorized by law.   *Climer v. Wallace*, 28 Mo. 556.   (6) The practice of singling out instructions, specific acts, and asking the court to say as a matter of law, that if the acts were established your finding will be for the defendant,

is not permissible. *Meyer v. Railroad*, 45 Mo. 137; *State v. Smith*, 53 Mo. 267; *Spohn v. Railroad*, 87 Mo. 74. (7) So long as the monuments placed on the earth's surface by the United States surveyors can be identified, there are no lost corners, and they control, no matter what more recent surveys, by courses and distances, disclose. *Jacobs v. Moseley*, 91 Mo. 457; *The Mayor of Liberty v. Burns*, 114 Mo. 426; *Whitehead v. Ragan*, 106 Mo. 231.

*McReynolds & Halliburton* for respondent.

(1) The court did not err in excluding the record of the survey made by E. Lloyd, because said record of survey did not purport to be the act of any surveyor, but purported to be the act of E. Lloyd only, being signed "E. Lloyd, Deputy County Surveyor." (2) There is no dispute of the proposition that corners established by the United States surveyors on public land are conclusive as to actual location. But it is well settled that where the monuments established by United States surveyors can not be found and there is a dispute as to the location of a corner or corners, then courses, distances, and area as given by the field notes of the United States survey control. *Whitehead v. Ragan*, 106 Mo. 235. (3) There was a dispute in the evidence as to where the quarter section corner between sections 19 and 30 had been located by the United States surveyors, and there are no monuments left that were put in by or marked by United States surveyors, and that was the main question at issue and to which all of the evidence was directed. So that the case was properly submitted under the instructions. *Mayor of Liberty v. Burns*, 114 Mo. 426. (4) The instructions on the statute of limitations fairly state the law and cover the case as made by the evidence and are correct.

It is a well settled rule in this State that in passing upon the instructions in a case they must all be read together and if by so reading they properly declare the law they will be sustained. Taking the instructions given and reading them together the court will find the law properly declared. *State ex rel. Robertson v. Hope*, 102 Mo. 426; *Owens v. Railroad*, 95 Mo. 169; *Bank v. Hatch*, 98 Mo. 376; *Dougherty v. Railroad*, 97 Mo. 647. (5) The true location of a survey is not one of construction nor a question of law, but of fact; and whether a particular piece of land is included within the boundaries mentioned, if these are in dispute, is a question for the jury. *Grant v. Moon*, 128 Mo. 43–49.

BURGESS, J.—Ejectment for a strip of land lying east and west, fifty-eight feet in width at the south end, one hundred and five feet in width at the north end, and thirteen hundred and seventy-three feet in length, in section 30, township 28, of range 31, in Jasper county.

Plaintiff is the owner of the north half of lot 1 of the southwest quarter, and the defendant is the owner of the north half of lot 2, of the southwest quarter of said section.

Plaintiff claims that the land in question lies east of the dividing line between the north half of lot 1 and the north half of lot 2 while defendant contends that it lies west of that line.

The rights of the parties turn chiefly upon the true location of the northeast corner of the northwest quarter of said section thirty, as originally located by the government survey.

The evidence was conflicting as to the location of that corner. The evidence upon the part of the plaintiff tended to show the location of the quarter section

corner upon the north line of said section 30, to be two thousand, seven hundred and seventy-four feet east of the northwest corner of said section, while the evi- dence upon the part of defendant tended to show that it was one hundred and sixty rods west of the north- east corner of said section.

Upon plaintiff's theory of the case he was entitled to judgment for the possession of the land, unless his action was barred by the statute of limitations, at the time of the institution of this suit. As tending to show that plaintiff's action was barred by the statute of limitations, defendant proved that for more than eight years before the commencement of the suit he inclosed the land in litigation by a fence, and that prior to that time he cut firewood and made rails upon it, and cleaned it up preparatory to cultivation.

There was judgment for defendant, from which plaintiff appeals.

Upon the trial plaintiff offered in evidence what purported to be the "Record of Surveys of Jasper county, Missouri," and particularly a resurvey therein numbered 71. Defendant objected to the introduction of this survey in evidence, upon the ground that it did not purport to have been made by the county surveyor of said county, and was not signed by him, but was signed "E. Lloyd, Deputy County Surveyor." The objection was sustained, plaintiff saved his exceptions and assigns for error the ruling of the court in exclud- ing the record of the survey from the consideration of the jury.

By section 8320, Revised Statutes 1889, section 7390, Revised Statutes 1879, authority is given to any county surveyor to appoint deputies, but it is a well settled rule of law that all official acts done by a deputy must be done in the name of the principal. "A dep- uty is one who, by appointment, exercises an office in

another's right, having no interest therein, but doing all things in his principal's name, and for whose misconduct the principal is answerable." 5 Am. and Eng. Ency. of Law, 623.

As the survey was not made in the name of the principal it was not an official act, and was not, therefore, entitled to record, and no error was committed in excluding the record of the survey from the consideration of the jury.

But it is claimed by counsel for plaintiff that it was proven that Lloyd was in fact deputy county surveyor, and also that his survey was made by mutual consent of the parties then interested, and therefore the record was admissible. We must confess our inability to see the force of this argument. Such evidence did not make it an official survey, and it was only as such that it was entitled to record in the record of surveys of the county, and it is only under these conditions that the record or a duly certified copy thereof can be received in evidence. Now, if the survey was made by mutual consent of the parties to the suit it would have been competent evidence. R. S. 1889, sec. 8312. But the record would not be competent evidence even then, while the original would be.

It is well settled in this State that corners established by United States surveyors in surveying the public lands are conclusive as to the actual location of the boundary lines of sections, and their legal subdivisions, and it can not be shown that such corners were mistakenly located by said surveyors. *Climer v. Wallace*, 28 Mo. 556. But where the monuments established by the government surveyors can not be found, as in the case in hand, and there is a controversy as to the location of a corner or corners, then courses, distances, and area as given by the field notes of the

United States survey will control in ascertaining such corners. *Whitehead v. Ragan*, 106 Mo. 235.

It is also insisted that the court improperly permitted one Edwards, who was a witness for the plaintiff, to testify upon cross-examination that the effect of running the quarter section line from the north line of the section starting at the point claimed to have been found to be the government corner by said E. Lloyd, would be, as compared with the government field notes, and as to the distance given by the field notes toward the west, since the effect would be to make the east half of the section contain more area than is shown by the distance and area given by the government plat.

It is claimed that this evidence was inadmissible upon the ground of its tendency to show a mistake in the government survey, but this we do not understand to have been its purpose, but rather for the purpose of showing that the government corner was not at that point, and as tending to show that its location was at the point contended for by defendant. The chief point of contention was over the location of the quarter section corner between sections nineteen and thirty by the government surveyors, and as no monuments could be found that were put in by or marked by said surveyors, the evidence was proper to be considered by the jury in determining the original location of that corner.

The court gave five instructions on the part of defendant, all of which are criticised, but when considered in connection with those given upon the part of plaintiff they seem to be free from objection with the exception of the fifth, which reads as follows:

"The court instructs the jury that if they believe from the evidence that defendant and those under whom he claims have been in actual, open, notorious and peaceable possession of the strip of land in controversy for more than ten years next before the com-

mencement of this suit, claiming title thereto, they will find the issue for the defendant, and if the jury from the evidence believe that defendant has had said land fenced for more than eight years and that for more than two years prior to fencing same defendant and Snodgrass, under whom he claimed, used said tract of land by cutting and hauling firewood, rail timber and saw timber therefrom and in making and hauling fence rails therefrom, and clearing the same up, then such actions would constitute actual possession thereof.''

The vice of this instruction is in telling the jury that the use of the land in question by cutting and hauling firewood, saw timber, making and hauling fence rails from the land and clearing up same, constituted actual possession. Such acts do not constitute possession but merely tend to show claim of ownership.

Thus in *Pharis v. Jones*, 122 Mo. 125, it was said: "Payment of taxes on land, cutting timber therefrom and protecting it from trespassers do not constitute possession but are merely acts tending to show claim of ownership." So that defendant's actual possession in the absence of color of title only extended to that part which he had inclosed. *De Graw v. Taylor*, 37 Mo. 311; *Cook v. Farrah*, 105 Mo. 492; *Ward v. Ihler*, 132 Mo. 375; *Pharis v. Jones*, 122 Mo. 125; *Nye v. Alfter*, 127 Mo. 529.

If the land in contest lies west of the true line dividing the north half of lot 1 and the north half of lot 2 of the southwest quarter of said section 30, township and range, defendant is entitled to its possession whether he and those under whom he claims were in its open, notorious, continuous and adverse possession for more than ten years before the commencement of this suit or not, but unless it does lie west of that line, then he could only hold that part, if any, of which he

and those under whom he claims title were in the actual and adverse possession for the statutory period of ten years before the commencement of this suit.

For error committed in giving said instruction the judgment is reversed, and the cause remanded.

SHERWOOD, J., concurs, GANTT, P. J., dissents.