## HOLLIDAY-KOLTZ LAND AND LUMBER COMPANY, Respondent, v. MARKHAM & DUCKETT, Appellants.

### St. Louis Court of Appeals, March 4, 1901.

1. **Trespass:** CUTTING TIMBER. Trespass to land can only arise when plaintiff was in the actual possession thereof, or when the same was not in the actual possession of any one, but in the constructive possession of plaintiff as the rightful owner.

2. ———: INTERPRETATION OF DEEDS AS TO TITLE. While the court did not formally express its opinion as to the title of the land, he did in effect the same thing by referring to the jury only the issue of adverse possession.

3. ———: ———: QUERY. Does a court by instructing for defendant on the question of adverse possession, by implication declare title in plaintiff?

4. ———: ———: ———: INSTRUCTIONS. If the deeds in question operated to vest the title to the land in plaintiff, it is wholly immaterial whether the court so stated in its instructions to the jury or submitted to them another issue resting wholly upon the assumption that plaintiff was the owner of the land.

5. ———: ———: ACTS OF OWNERSHIP. Cutting and removing timber under color of title, constitutes acts of adverse possession under the statute of limitations.

6. ——: ——: INSTRUCTIONS. While a single instruction may be technically erroneous, yet if the error is corrected by another instruction, and they together fairly declare the law of the case, such error is not reversible error and the case will be affirmed.

Appeal from Wayne Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*M. R. Smith* for appellants.

*James F. Green* for respondents.

### STATEMENT OF THE CASE.

The petition alleges that the plaintiff is the owner of and possessed of certain quarter sections of land, which the defendants wrongfully entered upon, and cut down trees standing and growing thereon, and removed the same and converted them to their use, to plaintiff's damage of $3,000.

The answer was a general denial. On the trial plaintiff introduced in evidence certain deeds purporting to convey the aforesaid land to it. The defendants introduced a deed to one of them, purporting also to convey the land in dispute. The evidence tended to show that the defendant grantee in said deed by himself and his agents had cut and removed a considerable amount of timber from said land, and had occupied it for that purpose, claiming title under the said deed.

The court gave of its own motion the following instructions:

"No. 1. That if you believe and find from the evidence in the case that the defendants some time in the years 1897 and 1898, entered in and upon the southeast quarter and southwest quarter of section 29, township 27, range 4 east, and the northeast quarter of

the northeast quarter of section 31, township 27, range 4 east, and cut and carried away timber from the lands, your verdict should be for the plaintiff and you should assess his damages at such sum as you may find from the evidence the timber so taken was reasonably worth at the time it was taken not to exceed the sum of two thousand dollars, unless you should further find that at the time the timber was so taken the defendants were in the actual possession and occupancy of said land claiming same adversely to the plaintiff.

"No. 2. You are further instructed that if you believe and find from the evidence that at the time the timber was so taken, the defendants by themselves or their tenants were in the actual possession of the said lands, claiming and exercising the rights of ownership over the same, your verdict should be for the defendant."

And at the request of the plaintiff the following instruction:

"No. 3. The court instructs the jury that if you find from the evidence that the defendants, after the deed introduced in evidence by the defendants, was made by the Wayne County Land and Investment Company to Markham, simply went upon the lands described in said deed for the purpose of cutting and removing timber from such lands, then such acts of defendants do not constitute such possession of the lands as will defeat plaintiff's action."

It refused the following instruction requested by the defendants:

"No. 4. The court instructs the jury that the quit-claim deed from the Wayne County Land and Investment Company to Jeff Markham, one of the defendants in this case, embracing the land in dispute is sufficient to constitute color of title in defendants, and you are further instructed, that if you find from the evidence that defendants, after obtaining said deed,

entered into actual, continuous, visible possession of said lands and so remained in possession thereof until the institution of the plaintiff's action herein claiming the same adversely to the plaintiff, and that the said timber and trees were by the defendant cut down and removed from the said lands by the defendants when they were thus in the possession of the said lands, then you will find the issues for the defendants."

There was a verdict and judgment for plaintiff for $50, from which this appeal was taken by the defendants.

BOND, J.—I. Plaintiff's action was for injury to possession of land. It could be sustained, therefore, only on one of two theories: first, that plaintiff was in the actual possession of the land when the trespass was committed; second, that the land was not in the actual possession of any one, but was in the constructive possession of plaintiff as the rightful owner. Hampton v. Massey, 53 Mo. App. 501; Brown v. Hetzel, 87 Mo. loc. cit. 568, and cases cited; Harris v. Sconce, 66 Mo. App. loc. cit. 347.

In the case at bar, plaintiff did not claim actual possession, hence, it was necessary to show that it (plaintiff) had title to the land and the constructive possession which the law attaches, in the absence of adverse possession, to the holder of the legal title. To sustain this theory, plaintiff attempts to deraign title by a chain of conveyances ending in deeds to it purporting to convey the land. The defendant also gave evidence of a conveyance of the land to one of them, not emanating from any of the grantors of plaintiff or from the government, but which furnished color of title under which, defendants' evidence tends to show, they were in the adverse possession of the land when they cut and removed the timber thereon. Upon the issues thus presented, the trial court should have determined the question of title in plaintiff under the

deeds to it. And, if this was resolved in the affirmative, should then have submitted to the jury the single issue of adverse possession by defendants at the time of the alleged trespass. The instructions of the court, while not formally expressing its opinion as to the title to the land, did the same thing in effect by referring to the jury only the issue as to adverse possession. Hence, there is no merit in the contention that the court failed to exercise its prerogative of determining the legal effect of the deeds adduced as plaintiff's muniment of title. If the deeds in question operated to vest the title to the land in plaintiff, it is wholly immaterial whether the court so stated in its instructions to the jury, or submitted to them another issue resting solely upon the assumption that plaintiff was the owner of the land. In either case, it did discharge its duty of resolving the question of title presented by the written evidences, and its rulings on that point were only open to attack for errors in construction and interpretation of the deeds and other writings, as to which no opinion need be expressed until such errors are pointed out for review.

II. It is next urged that the court erred in refusing instruction No. 4, supra, defining adverse possession. This point can not be sustained, for an examination of instruction No. 2, given of the court's own motion, shows that it embodies a sufficient definition of these terms as applicable to the facts and circumstances shown on the trial.

III. It is finally insisted that the court erred in giving instruction No. 3 at respondent's request, to the effect that the jury should not consider the facts that defendants, under color of title, went upon the land in dispute to cut and remove timber, as evidence of adverse possession on their part. Such facts clearly evidenced a claim of ownership of the land, covered by the deed under which they were performed. Adverse possession, if not predicable of these facts, discerpted

from all other acts manifesting permanent occupancy of the land (151 Mo. 159, 348), was inferable from such acts of ownership in connection with, and supplemented by, other acts indicating a continuous and permanent possession of the premises. It would have been entirely proper for the trial court to have stated the legal effect of the evidence on this point, taken as a whole. As to which this court has said, "Unless this is done, the jury are left without proper guidance as to the law governing a special ground of defense or right of recovery. Neither are such directions within the rule prohibiting the singling out of particular facts in the chain of proof. They are rather rulings upon the *totality* of the proof offered to overthrow a defense or sustain a right to recover." Stewart v. Sparkham, 75 Mo. App. loc. cit. 109. It may be conceded that the instruction under review is a technical violation of this rule. The question remains, is it reversible error under the facts in this case? Unless it misled or unduly influenced the jury, their verdict should not be disturbed. Taken in connection with instruction No. 2, wherein the court told the jury that "actual possession of the land with claim and exercise of rights of ownership" would entitle defendants to a verdict, we do not see how the jury could have been misled, if they were capable (and we must assume they were), of distinguishing between mere entry to cut and remove timber, and facts tending to show actual possession with claim and exercise of rights of ownership. And if they found the added elements necessary to such possession, it was their duty, under the instructions, to return a verdict for the defendants. Taking these instructions as qualificative of each other (78 Mo. App. loc. cit. 118; 60 Mo. App. loc. cit. 468) they should have been read together (153 Mo. loc. cit. 232). When thus read as a whole, they afforded no just ground for misconception on the part of the jury.

A careful examination of the record in this case, satisfies us that the judgment is for the right party. It is, therefore affirmed.   All concur.