Jackson v. Pettigrew.

WILLIAM T. JACKSON, Appellant, v. CAMERON L. PETTIGREW, Respondent.

Kansas City Court of Appeals, November 16, 1908.

TRESPASS: Possession: Evidence: Acts of Possession. Under the evidence the plaintiff's lessor had no right to possession of the land in controversy; and cutting and hauling firewood, sawtimber, making and hauling fencerails from land and clearing up the same do not constitute actual possession.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison*, Judge.

REVERSED AND REMANDED.

*T. A. Cummins* and *A. F. Harvey* for appellants.

(1) The witness, Margaret Pettigrew, was incompetent to testify; she being the wife of Chas. Pettigrew, deceased; to any conversations had by her with Geo. W. Jackson, who was also deceased, relative to the alleged contract of purchase and sale of said land from Geo. W. Jackson, deceased, plaintiff's father. R. S. 1899, sec. 4652; Smith v. Sedalia, 182 Mo. 10; Danker v. Goodwine Mfg. Co., 102 Mo. App. 730; Pearson v. Inlow, 20 Mo. 322; Deland v. Vanstone, 26 Mo. App. 301. (2) The undisputed evidence showed and defendant testified that he cut and carried away the timber in question by permission of his mother, Margaret Pettigrew. (3) Plaintiff Jackson was the owner and held the legal title to the land in controversy. No one was shown to have been in the actual possession or occupancy of the land. In such a case, the owner and holder of the legal title is in the constructive possession. More v. Perry, 61 Mo. 174; Renshaw v. Lloyd, 50 Mo. 368; Bell v. Clark, 30 Mo. 224. (4) Defendant's possession in the absence of color of title could only extend to the land actually enclosed by him. Carter v. Hornback, 139 Mo. 245; Pharis v. Jones, 122 Mo. 125.

*Shinabargar, Blagg & Ellison* for respondent.

(1) The court erred in permitting Margaret Pettigrew to testify. Section 4656 is an enabling statute and disqualifies no one who would have been competent at common law. Ross v. Wingate, 53 Mo. 409; Lynn v. Hockaday, 162 Mo. 121 et seq.; Oexner v. Loehr, 117 Mo. App. 698; Hach v. Rollins, 158 Mo. 190. (2) Being neither a party to the contract, nor a party in interest, she was a competent witness. Ford v. O'Donnell, 40 Mo. App. 52; Cleveland v. Coulson, 99 Mo. App. 468; Bank v. Hunt, 25 Mo. App. 170; Thompson v. Thompson & Brown, 121 Mo. App. 524; Meier v. Thieman, 90 Mo. 433; Chapman v. Dougherty, 87 Mo.

617; Gunn v. Thruston, 130 Mo. 343; Ashbrook v.
Letcher, 41 Mo. App. 369; Jones v. Burden, 56 Mo. App.
204; Layson v. Cooper, 174 Mo. 211; Moore v.
Perry, 61 Mo. 174; Cox v. Barker, 150 Mo. 425; Price
v. Blankenship, 144 Mo. Rep. 203; Stam v. Smith, 183
Mo. 472. (3) Her testimony was competent as throw-
ing light on the facts and circumstances surrounding
the possession by her and her family of the land, and as
showing good faith in occupying and using the land,
and an intention to occupy it as their own. Brown v.
Hartzell, 87 Mo. 564; McVey v. Carr, 159 Mo. 648;
Ware v. Johnson, 55 Mo. 500; Allen v. Mansfield, 108
Mo. 343; Shaffer v. Detie, 191 Mo. 394; Brewing Co. v.
Payne, 197 Mo. 429; Chapman v. Templeton, 53 Mo. 463.
(4) The evidence introduced by respondent is ample
to show actual possession, under the authorities. Draper
v. Shoot, 25 Mo. 197; Ware v. Johnson, 55 Mo. 502;
Fitch v. Gosser, 54 Mo. 270; Land & Lumber Co. v.
Markam & Duckett, 96 Mo. App. 51; Leeper v. Baker,
68 Mo. 400; Menkens v. Overhouse, 22 Mo. 70; Benne v.
Miller, 149 Mo. 228; Powell v. Davis, 54 Mo. 319. (5)
And he was not required to show that the land was in
his own personal possession. Moore v. Peery, 61 Mo.
174; Bell v. Clark, 30 Mo. App. 230; Brown v. Hartzell,
87 Mo. 568; Ware v. Johnson, 55 Mo. 500; Hammontree
v. Huber, 39 Mo. App. 329; Renshaw v. Lloyd, 50 Mo.
368; Eastin v. Joyce, 85 Mo. App. 433; Mining Co. v.
Zeitinger, 45 Mo. App. 114; Harris v. Sconce, 66 Mo.
App. 346; Deland v. Vanstone, 26 Mo. App. 270; Fitch
v. Gossett, 54 Mo. 270; Land & Lumber Co. v. Markam
& Duckett, 96 Mo. App. 51.

BROADDUS, P. J.—This is a suit for damages for
the alleged trespass of defendant in cutting timber on
plaintiff's land. The dispute is in reference to three
acres of land. The land originally belonged to George
W. Jackson, deceased. The plaintiff, his son, after the

death of his father became the owner by purchase of the interest of the other heirs of his father and was at the institution of this suit the apparent record owner of the title. It is admitted that defendant entered upon the disputed territory and cut and removed timber therefrom. Although plaintiff had the title to the land he was not in the actual possession at the time of the institution of this suit.

The defense is that the defendant was in the actual possession under claim and color of title. The tract, according to the testimony of some of the witnesses, was included within the fences which enclosed the Pettigrew land on the west up to six or seven years before the bringing of this action, since which time it has been unfenced. Mrs. Pettigrew, the widow of Charles Pettigrew, the then owner of the land, was introduced as a witness upon the part of defendant to prove that her husband had bought the land from Geo. W. Jackson, plaintiff's father. Her evidence is that she carried by direction of her husband a receipt, acknowledging payment for the land, to Jackson who signed it and told her to go to a man by the name of Robinson and tell him to draw up a deed conveying the property to her husband and that he would sign it. He also told her to take a deed, called the O'Howell deed, from which Robinson would be enabled to make out a proper description of the land intended to be conveyed; that she took the receipt and the O'Howell deed to Robinson, who prepared a deed to be signed by Jackson, and informed him that it had been prepared, whereupon Jackson said to her that as "quick as he got well he would go and sign it," and that he died before doing so.

Charles Pettigrew, the husband of Mrs. Pettigrew, died in April, 1895, and Jackson died in a short time thereafter. The plaintiff objected to the introduction of the receipt mentioned, which objection the court sustained, and objected also to the competency of Mrs.

Pettigrew as a witness and to the competency of her evidence for various reasons. Parts of her statements were admitted and parts excluded, but it is exceedingly difficult to determine what was excluded and what was admitted by inspection of the abstract.

The evidence of defendant tended to show that at times Mrs. Pettigrew cut and hauled timber from the land for fire-wood and that one year, while the fence remained, she leased it to a neighbor. The timber on the land was large and there was little or no grass. Mrs. Pettigrew made no improvements whatever and there were no visible marks to indicate that the land was in the possession of any one, and had not been for several years prior to the alleged trespass. The defendant cut the trees upon direction of Mrs. Pettigrew.

Among other instructions, the plaintiff asked the court to say to the jury that there was no evidence that defendant was in the actual visible possession of the land, which the court refused. The court gave the following instruction at the instance of defendant: "The court instructs the jury that actual possession does not imply that the occupant must actually stand upon his property constantly to keep off intruders, or that he must keep his servant or agent there. Any overt acts indicating exclusive dominion and a purpose to permanently occupy, and not to abandon, the premises, will satisfy this requirement."

Also this instruction: "The court instructs the jury that, if they believe from the evidence that, at the time defendant cut the trees described in the petition, said land was not in the actual possession of plaintiff, but was in the actual, visible possession of defendant or of some third person under whose permission, authority or consent defendant was acting and that defendant, under such circumstances cut the trees in good faith under claim of right, then the jury should find for de-

fendant, although the land and trees, in fact, belonged to plaintiff."

There is no question of law involved in the case, as the instructions given in behalf of defendant are unobjectionable from a legal standpoint; the question being whether they should have been given under the evidence. Waiving all objections to the competency of Mrs. Pettigrew to testify and the competency and relevancy of her testimony, we are impressed with the conviction that defendant, under his evidence, was a trespasser without justification. Mrs. Pettigrew, under whom he claims authority for entering upon the land and cutting the timber, had no such possession as warranted his act in entering. For six years before the alleged trespass, there had been no fence enclosing the land. No house of any kind, no cultivation whatever, or any thing of any nature to indicate her possession was shown by the evidence save and excepting the stumps of trees that had been cut in the course of years. Had there been color of title shown and any evidence of occupation, however slight, the instructions would have been proper. But both these factors were lacking.

In Carter v. Hornback, 139 Mo. 238, it is held, the "cutting and hauling firewood, sawing timber, making and hauling fencerails from the land and clearing up same" do not constitute actual possession. Such is the general rule. It is useless to further discuss the question. Plaintiff's instruction which was in the nature of a demurrer to defendant's case should have been given. Reversed and remanded. All concur.