Honorable Cynthia MacPherson Prosecuting Attorney Audrain County Courthouse Mexico, Missouri 65265
Dear Mrs. MacPherson:
This is in response to your request for an opinion from this office as follows:
 "In situations in which the duty of the county treasurer includes signing documents, e.g. in the regular course of signing checks upon the presentation of warrants pursuant to 110.240, RSMo 1969, and where the county employs a part time deputy county clerk, may documents be executed by use of the facsimile signature of the county treasurer? If the answer to this question is `yes', should the county treasurer's manual signature be filed with the Secretary of State?
 "The county treasurer of Audrain County is Hattie Woods; her part time deputy, employed by the county, is Fay Lowery. Since she has been performing her office as county treasurer, Ms. Woods has occasionally been afflicted with bouts of illness which sometimes prevent her from keeping office hours. Such physical incapacity of the county treasurer, when it occurs, paralyzes the operation of the county court. The deputy county treasurer, Ms. Lowery, is employed by and works part time for the county."
In a telephone conversation, you informed us that the person referred to in the first paragraph is the deputy county treasurer and not the deputy county clerk.
Audrain County is a third class county not under township organization.
In substance you inquire whether a county treasurer in a third class county has authority to appoint a deputy county treasurer and if so, whether the deputy county treasurer has authority to sign checks which according to Section 110.240, RSMo 1969, are required to be signed by the county treasurer.
There is no statute providing for the appointment of a deputy county treasurer in a third class county.
You state that Fay Lowery has been employed by the county as a deputy county treasurer and is paid by the county for her services.
We are enclosing herewith Opinion No. 96-1954 to Wheeler in which we stated that the county court of a third class county may not appoint a deputy county treasurer. In that opinion we stated that county courts possess only limited jurisdiction and outside of the management of county fiscal affairs possess no powers except those conferred by statute. Since there is no statutory authorization for county courts of the third class county to appoint a deputy county treasurer, we concluded that such courts have no such authority. We did conclude, however, that the county treasurer may appoint a deputy to discharge the clerical duties of the office which power is derived from the common law. We further stated that if the treasurer made the appointment of the deputy, the checks signed by the deputy would be valid. This was on the theory that as a general rule a deputy may perform any ministerial act that his principal is to perform. We affirm the principles of law and conclusion as stated in the above opinion.
We call attention to the fact that the authority of the county treasurer to appoint a deputy to discharge the clerical duties of the office requires only performing clerical or ministerial duties which do not require any discretion of the officer in the performance of such duties. In 67 C.J.S. Officers § 148, the general rule of law regarding the appointment of deputies for public officials is stated as follows:
 "Public power may not be delegated to private persons or corporations, over whom no supervision is maintained, nor may the discharge of the duties of public officers ordinarily be so delegated, and it has been held that a public officer may not delegate his official duty to another than a deputy. Moreover, an officer may not delegate to an agent power to do an act required by statute involving judgment and discretion. As a rule, however, public officers may appoint deputies for the discharge of ministerial duties, except where the law requires the duty to be performed by the principal in person."
This rule of law is discussed in State ex rel. Skrainka Const.Co. v. Reber, 126 S.W. 397, 399 (Mo.Banc 1910), as follows:
 ". . . An officer to whom a discretion is intrusted by law cannot delegate to another the exercise of that discretion, but after he has himself exercised the discretion he may, under proper conditions, delegate to another the performance of a ministerial act to evidence the result of his own exercise of the discretion. The clerk cannot pronounce judgment, but he may under direction of the judge make the record evidence of it. In Porter v. Paving Co., 214 Mo. 1, 112 S.W. 235, it was held that the signature of the mayor, which the law required to be subscribed to an ordinance to show that it was approved by him, might, under the mayor's direction, be written by his secretary. We do not mean to say that an officer to whom the performance of even ministerial work is personally intrusted may, under all circumstances, delegate to another the performance of that duty, but we are aiming to draw the distinction in that particular between an official act requiring the exercise of personal discretion or judgment and a mere ministerial act which requires the exercise of no discretion, and to say that whilst the one cannot be delegated the other under certain circumstances may be."
Section 110.240, to which you refer, provides:
 "It shall be the duty of the county treasurer, upon presentation to him of any warrant drawn by the proper authority, if there shall be money enough in the depositary belonging to the fund upon which said warrant is drawn and out of which the same is payable, to draw his check as county treasurer upon a county depositary in favor of the legal holder of said warrant, and to take up said warrant and charge the same to the fund upon which it is drawn; but no county treasurer shall draw any check upon the funds in any depositary unless there is sufficient money belonging to said fund upon which said warrant is drawn to pay the same, and no money belonging to said county shall be paid by any depositary except upon checks of the county treasurer. In case any bonds, coupons or other indebtedness of said county are payable by the terms of the bonds, coupons or other debts at any particular place other than the treasury of the county, nothing contained in this section shall prevent any county court from causing the treasurer to place a sufficient sum at the place where said debts shall be payable, at the time of their maturity, to meet the same."
In State ex rel. Jackson County Library District v. Taylor,396 S.W.2d 623 (Mo.Banc 1965), it was held that payment of properly authenticated warrants of the county library board by a county treasurer with sufficient funds in the county library fund for payment as provided for under Section 110.240 is a ministerial duty and the performance of this duty may be compelled by mandamus.
It is our opinion that the county court of Audrain County has no authority to appoint a deputy county treasurer. Only the county treasurer may appoint a deputy to perform ministerial duties and is solely responsible for the compensation of such person and any payment made by the county court from public funds is an illegal expenditure. It is our opinion that a deputy county treasurer appointed by the county treasurer may sign checks in the name of the county treasurer under the provisions of Section 110.240. Such act is a ministerial act which does not involve any discretion of the county treasurer.
It is also our opinion that if a deputy signs a check it must be signed in the name of the county treasurer by the deputy in the name of the deputy. See Carter v. Hornback, 40 S.W. 893 (Mo. 1897). It is our opinion that affixing the name of the county treasurer to such check may be done by use of a facsimile signature which should be filed with the Secretary of State as provided for in Sections105.273 to 105.278, RSMo 1969.
We enclose Opinion Letter No. 52-1977 to Paul which is self-explanatory.
CONCLUSION
It is the opinion of this office that a county court in a third class county is without authority to appoint a deputy county treasurer. A county treasurer in a third class county may appoint a deputy to perform ministerial duties at the expense only of the county treasurer. Signing checks under the provisions of Section 110.240, RSMo 1969, is a ministerial act which may be performed by a deputy county treasurer in the name of the county treasurer whose signature may be affixed by the use of a facsimile signature filed with the Secretary of State.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Moody Mansur.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 96 Wheeler, 10-4-54
 Op. Ltr. No. 52 Paul, 1977