IDA MAROLF, Appellant, v. HENRY P. MAROLF, Respondent.

**Kansas City Court of Appeals, June 14, 1915.**

**DIVORCE: Pleading: Vagrancy.** In an action for divorce, where the plaintiff pleads vagrancy and other indignities, it is not necessary to plead the exact language of the statute. And when the evidence shows that the defendant is clearly a vagrant within the meaning of the statute she is entitled to divorce.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED (*with directions*).

*McCune, Harding, Brown & Murphy* for appellant.

No brief for respondent.

TRIMBLE, J.—This is a suit for divorce brought by the wife. There was personal services upon the husband but no appearance by him in the case or testimony offered in his behalf. The trial court found that plaintiff is a good, moral woman and that "her conduct is high class" but nevertheless dismissed her petition, and the wife appealed.

The petition apparently attempted to state two grounds of divorce, first that the husband was a vagrant within the meaning of the law, and second, that he was guilty of such indignities as to render her condition intolerable. This last ground, however, was not well pleaded though if the indignities had themselves been set out so that the court could see whether they were indignities or not, and they had been alleged to be such as rendered her condition intolerable, said last ground would have been well pleaded. But, as to the first ground, we think the petition was sufficient to charge vagrancy on the part of the husband. It did not copy the words of the statute, it is true, but it pleaded all the facts necessary to show the husband to be a vagrant within the meaning of the law, and consequently, we hold that the first ground above mentioned was well pleaded. It was, therefore, sufficient to support a judgment for divorce. Consequently, if the evidence disclosed that plaintiff, under the law, was entitled to a divorce, it was error to refuse it. [Ulrey v. Ulrey, 80 Mo. App. 48; Wares v. Wares, 122 Mo. 129; Wald v. Wald, 119 Mo. App. 341.] From the remarks made by the court in dismissing the case we do not understand that it was dismissed because of any supposed deficiency in the petition but for other reasons. However, since the plaintiff was refused a judgment for divorce, it is necessary for us to see that

the petition states a cause of action before disagreeing with the trial judge as to the propriety of dismissing the bill. This is our reason for holding affirmatively that the petition states a cause of action and is, therefore, sufficient to support a judgment in plaintiff's favor.

Section 2370, Revised Statutes 1909, authorizes a divorce to be granted a wife "when the husband shall be guilty of such conduct as to constitute him a vagrant within the meaning of the law respecting vagrants." Section 4789, Revised Statutes 1909, says: "Every able bodied married man who shall neglect or refuse to provide for the support of his family" shall be deemed a vagrant. In other words, section 2370 gives a wife the right to a divorce when she has a vagabond husband within the meaning of the law, and section 4789 defines what a vagabond husband is. If the proof shows that the husband in this case comes within the above definition, then plaintiff is entitled to a divorce. [Gallemore v. Gallemore, 115 Mo. App. 179.]

The proof undoubtedly shows that the husband was an able bodied man and that he neglected and refused to provide for the support of his family; that after the parties married they went to live with the wife's parents; that the wife's father gave her $3500 with which to buy a home which was purchased but taken by the husband in his own name; that afterward, because of complaints and dissatisfaction on the part of the husband, the father, upon the husband's deeding the property to him, paid him the relatively small amount the husband had put into the property; that the married couple had lived at the wife's parents' home ever since the marriage, the husband contributing nothing to his wife's support and paying no board and furnishing nothing in the way of either food, clothing or shelter for his family consisting of himself, his

191M.A.16

wife and little son. The evidence further showed that, at the institution of the suit, they had been married nearly four years and during that time defendant had taught a term of school at Holden, another short one at Lone Star and was, at the time of the trial, teaching about seven miles from Kansas City; that at other times he "did nothing except to lay around" and would not work in the summer months "because they did not pay very much wages" and would not work for $2.50 per day; and that he told his wife he did not marry her to support her, when she asked him to do so. There is also evidence of acts that constituted indignities but, as we hold the petition did not properly plead that ground, they need not be mentioned.

The evidence of plaintiff was fully corroborated by other testimony and no testimony was offered to contradict any evidence offered in support of plaintiff's petition. Under these circumstances, the court was not justified in refusing a divorce. As stated, the court expressly found that she was a good woman and that her conduct was first class. We do not think that, because the plaintiff very frankly told the court, in answer to questions which the court himself asked, that she had become convinced her husband wouldn't do anything for her, and that she could not live with him on account of his conduct, and therefore, she would not go to him even if he would send her a ticket and ask her to come to him, this disclosed such an attitude on her part as to deprive her of relief. There was no evidence that the husband had asked her to come or that he would ever do so. In fact, the evidence was all the other way, as were also the inferences to be drawn from his own conduct in not appearing at the trial, of which he was fully cognizant.

The judgment is, therefore, reversed and the cause is remanded with directions to render judgment for

plaintiff divorcing her from the bonds of matrimony contracted with defendant and awarding her the care and custody of the infant son mentioned in the petition. The other judges concur.