## LARWELL *v.* STEVENS.

*(Circuit Court, W. D. Missouri, W. D. October, 1880.)*

1. EJECTMENT—ADVERSE POSSESSION.

   To defeat the title of the plaintiff the possession of the defendant must be adverse—that is, in hostility to the title of the owner; for if the possession is held by mere indulgence and by consent of the owner, and the defendant understood this, and acquiesced, the possession is not adverse.

2. SAME—STATUTE OF LIMITATIONS—POSSESSION MUST BE EXCLUSIVE.

   The possession, in order to avail the defendant under the plea of the statute of limitations, must be an exclusive possession, and not held within 10 years prior to the commencement of the suit, in conjunction with one who was the real owner.

3. SAME—POSSESSION FOLLOWS TITLE.

    The possession follows the title and, if the owner and others are in posses-
sion, the law considers the owner as in possession.

4. DAMAGES—MEASURE OF.

    The damages consist of the value of the property by way of rents during the
time the possession has been withheld.

KREKEL, D. J., (*charging jury*.)   The plaintiff, Larwell, brings
this action to recover the possession of real estate in Kansas City, on
which the defendant, Stevens, resides.   To make out his case he pre-
sents sundry conveyances embracing the property in controversy.
The objection raised on the introduction of these title papers having
been overruled, it may be taken that they tend to show title in plain-
tiff, and, if the deeds are found to be genuine, vest the title in the
plaintiff.   To defeat the title of plaintiff, the defendant pleads the
statute of limitations; that is, he says he has been 10 years at least
in the actual, continuous, *exclusive*, and visible possession of the
property sued for, and has thereby acquired such a right as will
defeat the plaintiff's action.   In the first place it is proper to call
your attention to the fact that the *defendant* must establish the fact
of the possession claimed.   The possession must also be adverse—
that is, in hostility to the title of the real owner; for if the posses-
sion is held by mere indulgence and by consent of the owner, and the
defendant understood this, and acquiesced, the possession is not
adverse.   A possession while so held cannot ripen into a title which
will defeat the true owner of his right, because it is not adverse and
hostile.   As already stated, the possession, in order to avail the
defendant, must be an exclusive possession; that is, he must not
have held it within 10 years prior to the commencement of the suit,
in conjunction with one who was the real owner of it.   If the real
owner and the claimant of the possession, within 10 years prior to
the bringing of the suit, had joint possession of the premises sued
for, such a possession will not avail this defendant.   The possession
follows the title, and, if the owner and others are in possession, the
law considers the owner to have the possession.   If you shall find
from the evidence that this defendant was, at any time within 10
years prior to the bringing of this suit, in joint possession with his son,
and that the son was the owner, and claimed title to the property
in controversy to the knowledge of the defendant, Stevens, then the
plea is not good.   The plea of the statute of limitations for the pos-
session must be exclusive, and not joint, with one having the title to
the property of which they are in joint possession.   If you find from

'he testimony that the title to the property in controversy was held by any one within 10 years prior to the bringing of this action, with the intention and for the purpose of giving a home to the defendant, and the defendant knew and consented thereto, such holding is not adverse, and is not in hostility to the title of the owner, and the statute of limitations will not avail the defendant. A title by the statute of limitations may be said to be the continued accretion of time from day to day until 10 years are complete. During all this time the defendant must have been in open, notorious, visible, and exclusive possession of the premises. In order to determine whether the possession was an adverse possession,—that is, whether defendant claimed title in himself,—you will examine all the acts, doings, and sayings of the defendant pertaining to the possession of the premises. Thus the act of defendant in writing the deed of trust or mortgage by which the title to the premises in controversy was to be affected, is to be examined by you for the purpose of determining whether the defendant's possession was not in harmony rather than in hostility to the title of the owner. The non-payment of the taxes for a great length of time, and the reason given for not making such payment, and the failure to pay, or offer to pay, any part of the taxes after they had been paid, if such failure occurred, insurance and dealing with the loss recovered, will all be carefully examined by you in order to determine the nature of the possession held by Stevens, and whether the same was adverse and in hostility to the title of the owner, or in harmony with it. While the title, growing up under the statute of limitations during the 10 years, becomes available to Stevens, if such possession is in hostility and not in harmony with the title of the owner, you may closely look at sayings and doings of the party who seeks to deprive the true owner of his right by mere possession in order to learn his intention. If such sayings and doings tend to nurse the young and growing title, you may arrive at a conclusion favorable to the defendant. But if any of these sayings and doings tend in the opposite direction, and indicate that the acquiring of a title by possession was not in the mind of the possessor, we may justly and properly arrive at an opposite conclusion, and adverse to the claim set up. You will thus go over the whole of the testimony, and present your conclusions in your verdict. If you find for the plaintiff, you will say in your verdict what the amount of damages are from the day of the bringing of the suit up to the time of rendering your verdict. These damages consist of the value of the property

by way of rents during the time the possession has been withheld. You will also find and state in your verdict what is the monthly value of the premises. If you find for the defendant, you will so state in your verdict.

The jury returned a verdict for the plaintiff.