Pharis v. Jones.

---

Pharis v. Jones, *Appellant.*

Division Two, May 24, 1894.

1. **Land:** ADVERSE POSSESSION: LIMITATION. Where one does not intend to claim as her own a tract of land embraced within her inclosure, her possession is not adverse and the statute of limitations will not run in her favor.

2. ———: ———: COLOR OF TITLE. Possession without color of title, although adverse, does not extend the holding beyond the limits of the actual possession.

3. ———: ———: LANDLORD AND TENANT. The possession of a tenant is that of the landlord and the latter's possession is restricted to the metes and bounds of the leased premises.

4. ——: ——: ——. Where the tenant extends the boundaries and takes possession of adjoining land claiming it as his own, his possession of the additional inclosure will be deem ed adverse and hostile in the tenant's behalf to the true owner.

5. ——: ——: COLOR OF TITLE. Possession of part of a tract, under color of title to an entire tract, extends the possession to such entire tract.

6. ——: POSSESSION: CLAIM OF OWNERSHIP. Payment of taxes on land, cutting timber therefrom and protecting it from trespassers do not constitute possession but are merely acts tending to show claim of ownership.

*Appeal from Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED.

*Norman Gibbs* and *Thomas M. Allen* for appellant.

(1) Where one occupies land up to a certain line, under a mistaken belief that it is the true line, but with no intention to claim beyond the actual line or legal boundary, "such a possession will not be deemed so adverse as to start the statute of limitations to run against the rightful owner. Tiedeman on Real Property [1 Ed.], sec. 699; *University v. McCune*, 28 Mo. 481; *Schad v. Sharp*, 95 Mo. 573; *Jacobs v. Mosely*, 91 Mo. 457. (2) The deed under which Pharis now claims, was void on its face and could not give color of title. The law presumes that Pharis knew it was void. (3) Possession, to be adverse, must be actual or constructive, visible or notorious, distinct and exclusive, hostile and adverse. Tiedeman on Real Property [1 Ed.], sec. 694; *Musick v. Barney*, 49 Mo. 458; *Swayze v. Bride*, 34 Mo. App. 414; *Pike v. Robertson*, 79 Mo. 615. (4) The party setting up adverse possession must prove it to the satisfaction of the court. *Bradley v. West*, 60 Mo. 33. (5) In this case declara-

tion number 4 given for plaintiff by court below was approved as given.

*T. D. Steele* and *W. Cloud* for respondent.

The evidence shows that in 1863 Boon took a deed to the land and placed it on record and exercised the customary acts of ownership over it. The trial court found that plaintiff had been in possession for more than ten years at the commencement of this suit under color of title and that such possession was open, adverse and hostile and the judgment should be affirmed.

BURGESS, J.—Ejectment for the southwest quarter of the southwest quarter of section 29, township 23, range 27. The petition is in the usual form, and the answer a general denial. The land is timbered. At the time plaintiff obtained a quitclaim deed for it from Boon, August 3, 1867, it was unfenced, except about two acres on one corner which ran down into the inclosure of what is known as the Mason farm. Littleberry Mason, who originally owned the farm, died in 1853, leaving a widow and eight children. His widow occupied by herself and tenant a part of the farm of which her husband died seized, which included, within the part inclosed by a fence, the two or three acres of the forty acre tract in controversy, as above stated.

Plaintiff occupied a part of the Mason farm including said two or three acres as Mrs. Mason's tenant until she died, which was about six years before the trial. At the time of her death he owned six of the eight shares in the farm and before the trial he became the owner by purchase of the other two shares. After August 3, 1867, plaintiff continued from time to time to extend the fence around the Mason farm outward on the land in controversy until he had some twenty acres

inclosed before the commencement of this suit. All this time he claims to have been claiming and holding the land as his own and at no time as the tenant of Mrs. Mason.

Plaintiff to maintain the issue on his part, offered in evidence the abstract of entries for Barry county, of United States land office at Springfield, Missouri, showing this land was located by Chas. Ingles, August 28, 1857. He next read in evidence, over the objection of defendant, the following deeds: A deed from Sample Orr, register of lands, dated February 20, 1863, to J. W. Boon, for the southwest quarter of southwest quarter of section 29, township 23, range 27, and other lands. A quitclaim deed from J. W. Boon to D. P. Pharis, dated August 3, 1867, for the southwest quarter of southwest quarter of section 29, township 23, range 27, and other lands; consideration, $75.

Plaintiff next introduced evidence tending to show actual possession of the two or three acres in the Mason farm by himself and those under whom he claimed title; acts of ownership in cutting timber; keeping off trespassers; the payment of taxes for the years 1872 and up to 1884, inclusive; the extension of the inclosure for the last twenty years, until at the time of the trial it amounted to about twenty acres of the tract sued for.

Defendant claims title under a quitclaim deed from the patentee, Chas. Ingles, and wife, dated May 18, 1891.

The trial resulted in a judgment for plaintiff for possession of the forty acre tract sued for, from which defendant, after an unsuccessful motion for a new trial, and in arrest of judgment, appealed to this court.

The defendant asked the court to declare the law to be as follows:

"4. That the possession and occupation of the small portion of the land in controversy by D. P. Pharis

against the real owner of said pieces, did not start the statute of limitations to running against the real owner and in favor of said Pharis.

"5. That the possession and occupation of the two small pieces of the southwest quarter of the southwest quarter and the northeast quarter of the southwest quarter of section 29, township 23, range 27, that extended into Littleberry Mason's field, was not an adverse holding by D. P. Pharis against the real owner of said pieces, and did not start the statute of limitations to running against the real owner and in favor of said Pharis, till after the death of the widow of Littleberry Mason, in the year 1883.

"6. That the possession and occupation of the two small pieces of the southwest quarter of the southwest quarter and the northeast quarter of the southwest quarter of section 29, township 23, range 27, that extended into Littleberry Mason's field, was not such an adverse holding against the real owners of said lands by D. P. Pharis, under color of title to the whole one hundred acres of land described in the quitclaim deed from J. W. Boon to said Pharis, as would start the statute of limitations to running in favor of said Pharis, as to the uninclosed portion of the southwest quarter of the southwest quarter, section 29, township 23, range 27, till after the death of the widow of Littleberry Mason.

"7. The court declares the law to be that the holding of Mrs. Mason, being without color of title, could not extend beyond the land actually inclosed, and that the possession of D. P. Pharis as the grantee of Mrs. Mason of the Mason heirs only extended to the two small pieces of land inclosed in the field belonging to the Mason estate."

The instructions were all refused and the defendant duly excepted.

The deeds read in evidence by plaintiff were color of title only.

It is well settled law that where land is occupied under a mistaken belief as to where the true line is, and with no intention to claim beyond the true line or legal boundary, such possession will not be held to be adverse so as to start the statute of limitations to running against the true owner. Thus, it was held in *University v. McCune*, 28 Mo. 481, when a proprietor of land, through a mistake or ignorance of location of the true line, separating his tract from that of an adjoining proprietor, extended his fence beyond the true line and inclosed a part of the land belonging to the adjoining owner, that the possession acquired in this way did not become adverse.

The evidence in this case showed conclusively that Mrs. Mason never intended to claim as her own the two small parcels of the tract in controversy that were within her inclosure. Her possession was not, therefore, adverse to the true owner, and did not start the statute of limitations to running against him and in her favor. But even if her possession has been adverse, as she did not claim under color of title, she, and those claiming under her in the same way, could only hold that portion which they had in actual possession for the statutory period of ten years. *DeGraw v. Taylor*, 37 Mo. 311.

As long as plaintiff occupied the Mason farm and the land inclosed by fence as the tenant of Mrs. Mason, his possession was her possession and he could not claim adversely to her. But when he extended the fence which inclosed the Mason farm out onto the land in controversy for the purpose of taking or extending the possession, claiming it as his own, from that time the possession was his, hostile and adverse to the true owner, and by virtue of his deed from Boon,

which was color of title, the possession was extended to the entire forty acre tract. *Gaines v. Saunders*, 87 Mo. 557; *Pharis v. Bayless*, *ante*, p. 116.

Thus it is said in *Read v. Allen*, 63 Tex. 154: "We can not perceive upon what ground a landlord, who, by a lease, has restricted the possession and use of his tenant, by metes and bounds, to a part of a larger tract, can claim that his tenant's possession under such a lease extends to that which, by the terms of the lease, the tenant has no right to possess."

Plaintiff only occupied as tenant of Mrs. Mason that portion of the land which was in the inclosure or was a part of the Mason farm at the time he occupied under her, and any part of the land in controversy which he subsequently inclosed by extending the fence around the Mason farm was not held by him as her tenant, and his possession thereof was adverse.

Mrs. Mason's possession was without color of title, while plaintiff's color of title, until he began to occupy and claim the land as his own, was unaccompanied by possession. As the possession of Mrs. Mason was without color of title, it did not extend beyond the boundaries of that which was inclosed, and in so far as plaintiff claimed under her and the Mason heirs, his possession could extend no further than to the small pieces of land inclosed in the field belonging to the Mason estate.

The payment of taxes on the land by plaintiff, cutting timber thereon, and keeping off trespassers, did not constitute possession, but were merely acts of ownership, tending to show that he claimed to own it.

For the error of the court in refusing to declare the law as prayed for by defendant in the seventh instruction, the judgment is reversed, and the cause remanded. All of this division concur.