CANTLIN, Appellant, v. HOLLADAY-KLOTZ LAND & LUMBER COMPANY.

### Division Two, June 26, 1899.

1. **Suit to Quiet Title:** ACTUAL POSSESSION. The plaintiff, in a statutory action to quiet title to timber land, must show actual possession of the land. Constructive possession will not be sufficient to maintain the action.

2. ————: WHAT CONSTITUTES ACTUAL POSSESSION: PAYMENT OF
TAXES. Payment of taxes on land, cutting timber therefrom and
protecting it by driving off trespassers, do not alone constitute
actual possession of land.

*Appeal from Wayne Circuit Court.*—HON. J. F. GREEN,
Judge.

AFFIRMED.

HENRY B. DAVIS for appellant.

(1)   Plaintiff showed color of title by warranty deed,
which implies seizin and possession unless adverse possession
should appear.   Therefore plaintiff could sue in ejectment.
Thompson v. Newberry, 93 Mo. 18; Dyer v. Krackauer, 14
Mo. App. 39; Apperson v. Allen, 42 Mo. App. 537; Brown-
well v. Brownwell, 19 Wend. 369; Thompson v. Woolf, 8
Or. 454; Tomkins v. Wyman, 116 Mass. 558; India Wharf
v. Central Wharf, 117 Mass. 504; Brown v. Matthews, 117
Mass. 506.   (2)   The evidence shows such acts of ownership
as were sufficient to amount to possession, when coupled with
a color and claim of title, to wild timber land.   Campbell v.
Allen, 61 Mo. 581; Apperson v. Allen, 42 Mo. App. 537.

J. C. CARTY and LOUIS F. DINNING for respondent.

To maintain an action under this statute, the plaintiff
must be in the actual possession of the land in dispute at the
commencement of such action—must have such possession
as would enable defendant to maintain ejectment against
plaintiff for the premises in dispute.   The testimony intro-
duced by plaintiff in this case utterly fails to establish such
possession in plaintiff.   Musick v. Barney, 49 Mo. 458;
Leper v. Baker, 68 Mo. 400; Pharis v. Jones, 122 Mo. 125;
Nye v. Alfter, 127 Mo. 529; Carter v. Hornback, 139 Mo.
238.

GANTT, P. J.—This is an action to quiet title to certain timber lands in Wayne county, under section 2092, R. S. 1889.

This petition is in usual form, and in its answer defendant averred it was the owner in fee simple of the land.

Judgment was given for defendant on the ground that plaintiff was not in possession of the land when he commenced his action and hence did not bring himself within the statute on which he relied.

Plaintiff's evidence was to the effect that he purchased the land on June 10, 1886, paid the back taxes thereon and the current taxes for each year since to the bringing of this suit; that he had the land surveyed and the line trees blazed and had employed a man to go over it once a month to warn off trespassers.

The circuit court made the following finding of facts:

"That on the 10th day of June, 1886, the plaintiff, Daniel Catlin, as grantee, received a deed of conveyance from F. J. Bowman and wife, conveying the lands described in plaintiff's petition, situated in Wayne county, Missouri; that after receiving said deed, the plaintiff Catlin, assuming to be the owner of said lands, paid the county and state taxes on the same for the years 1885 to 1896 inclusive; that the plaintiff employed one William Willmore, living in Wayne county, Missouri, to look after said lands, for the purpose of keeping trespassers from the same and protecting the timber growing thereon; that said Willmore never lived on the premises, but performed said services for plaintiff from time to time; that afterwards plaintiff employed one C. C. Carlton to perform similar services with reference to said property, to look after the same and to pay the taxes thereon.

"The court further finds that said land is heavily timbered with growth of pine timber; that no part of the same has ever been put in cultivation, although portions thereof were susceptible of cultivation, and that no portion of said

land has ever been cleared or cultivated, and that there is no house or other habitation thereon, and the court therefore finds that the plaintiff has no such possession of the lands described in the petition as will authorize him to maintain an action to quiet title thereto, and therefore declares that the finding and judgment must be for the defendant."

No evidence was offered by defendant.

The judgment was obviously correct. The reading of the statute indicates that this proceeding is not for the purpose of trying the title, but preliminary to the action which plaintiff seeks to have the defendant bring to try the title.

Since Von Phul v. Penn, 31 Mo. 333, it has been uniformly held that actual not mere constructive possession is required. [Dyer v. Baumeister, 87 Mo. 134, and cases cited; Colline Bldg. Ass'n v. Johnson, 120 Mo. 299.]

This court in Pharis v. Jones, 122 Mo. 125, held that mere payment of taxes, cutting timber and protecting the land by driving off trespassers was not actual possession of land, and we have since followed that decision in Sweringen v. St. Louis, 151 Mo. 348.

The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.