McVey v. Carr.

---

McVEY v. CARR, Appellant.

Division Two, February 12, 1901.

1. **Conveyance:** DELIVERY OF SHERIFF'S DEED. The delivery of the sheriff's deed to the purchaser of the land at a sale for taxes, is necessary to transfer of title to said purchaser. Such undelivered deed is of no more effect than if not signed.

2. **Ejectment:** TITLE NECESSARY TO RECOVER: PRIOR POSSESSION. Where plaintiff has not acquired the legal title by means of a deed executed and delivered prior to the beginning of the suit, he can not recover in ejectment, unless defendant is a mere trespasser, or plaintiff had been in visible, notorious, continued and actual possession of the land claiming it as his own for ten consecutive years before the commencement of the suit. Plaintiff's seven years' prior possession under such circumstances will not overcome defendant's present possession although of only two years duration.

3. ———: TRESPASSER. One who enters into the possession of land under a color of title, is not a mere trespasser. In this case the color of title was a deed, from one who claimed to have purchased the land at a sheriff's under a judgment against it for taxes, the sheriff's deed to such purchaser having never been delivered.

McVey v. Carr.

4. ——————: POSSESSION. Pasturing land and the payment of taxes thereon do not constitute visible, notorious, continuous and actual possession.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broaddus*, Judge.

REVERSED AND REMANDED.

*L. A. Martin* for appellant.

(1) Plaintiff can not recover on prior possession. Bledsoe v. Simms, 53 Mo. 305; Spurlock v. Dougherty, 81 Mo. 171; Prior v. Scott, 87 Mo. 303.   (2) Plaintiff must recover on the strength of his own title, not on the weakness of defendant's.   Siemers v. Schrader, 14 Mo. App. 346; Foster v. Evans, 51 Mo. 39; Whitmore v. Crawford, 106 Mo. 435.   The court erred in admitting in evidence the deed from Graves to plaintiff, as the deed did not cover any of the land claimed by defendant, nor any of the land described in plaintiff's petition, and without that deed there was no evidence of title in plaintiff, and defendant's demurrer should have been sustained.   Trimble v. Stewart, 35 Mo. App. 537.   (3) The evidence does not show plaintiff to have the superior and better title, but it does show, by a preponderance of the evidence that such title is in defendant, as he and his grantors had adverse and continued possession of the land since September 25, 1882.   Bakewell v. McKee, 101 Mo. 337; Mathor v. Walsh, 107 Mo. 121; Bird v. Sellers, 113 Mo. 580.

*Davis, Loomis & Davis, Samuel & Son* and *Sheetz & Sons* for respondent.

(1) Respondent purchased the land from John Graves

in 1869, and under his deed entered into the immediate posses-
sion. thereof and cut and hauled timber and sawlogs off it and
paid the taxes, and used said premises in connection with his
other land, and in the year 1890 or 1891 inclosed the same and
built a house thereon, and continued in the possession thereof
up to the time appellant took possession in 1894.    Therefore
his title is good against any claim appellant had or may have
acquired since the commencement of this suit.    (2) The deed
of John Graves offered in evidence by respondent, in connec-
tion with the deeds from John W. Graves et al., and Flavius J.
Williams et al., to William R. McVey, the respondent, which
two latter deeds were offered and read in evidence by Bentley
B. Carr, appellant, gives respondent a good and perfect title to
said premises against the claim of defendant.    (3) If neither
plaintiff nor defendant has title to the premises in suit, then
the respondent is entitled to recover on his prior possession.
Schmitz v. Arnod, 33 Mo. 172.    (4) Robert S. Moore, under
whom the defendant, Bentley B. Carr, claims, never had any
deed to the premises in controversy and was never in posses-
sion.    His only claim, as he alleges, was that he purchased
the land at a sale made by the sheriff on a judgment rendered
by said Moore as justice of the peace against one Hamilton
for unpaid taxes on said land, which judgment was utterly void
for want of jurisdiction in the justice.    State ex rel. Gordon
v. Hopkins, 87 Mo. 519.

BURGESS, J.—This is ejectment for the possession of
the southwest quarter of the southeast quarter, and the south-
east quarter of the southwest quarter of section twenty-six,
township fifty-seven of range twenty-three, in Livingston
county.

John Graves is the common source of title.    The tract
according to the Government survey contains 88.90 acres.

John Graves sold this tract in three parcels. He sold the east half to Robert M. Graham, on the twenty-third day of March, 1869, and the northwest quarter of said tract he sold to the plaintiff McVey March 23, 1869, and on the ninth day of January, 1871, he sold the southwest quarter of said tract to James H. Ryan. In the deed to Ryan the land conveyed thereby is described as the undivided one-fourth. By different conveyances and descriptions of the land the parcels conveyed by John Graves to Graham and Ryan passed to William Hamilton and Francis Jacquett, and was sold under a judgment against them for taxes on September 25, 1882, at which sale one Robert S. Moore became the purchaser, but it doesn't appear that he ever received the sheriff's deed therefor. On the thirtieth day of September, 1896, Robert S. Moore conveyed the land by quitclaim deed for the expressed consideration of four hundred dollars, to the defendant Bentley B. Carr. The deed was made in correction of a deed, made by Moore to Carr, on the nineteenth day of June, 1894, in which the land was incorrectly described, about which time Carr entered into the possession of the land.

Plaintiff read in evidence a quitclaim deed from John W. Graves and others to him, dated April 1, 1895, conveying the land in litigation to him, and also a quitclaim deed to the same land from Flavius J. Williams and others to him, dated January 1. The grantors in these two deeds are heirs of John Graves, deceased.

Plaintiff introduced evidence which tended to show that when he got the deed from John Graves in 1869, he immediately took possession of the land, and has been in the possession ever since paying the taxes thereon. That he used the land and the timber on it and also used it several years as pasture, and fenced it in the spring of 1890 or 1891 in April or May. That he owned other land south of the land in contest, in sec-

tion thirty-five, which is inclosed; it is in two pieces.   That he had the land in contest fenced and used it as pasture.   That it was inclosed for about seven years.   That he had possession of the land until the defendant took possession of it about three years ago, sometime before the commencement of this suit. That plaintiff had a house built on the land and a man lived in it as his tenant over a year, and cultivated part of it.   The house was built in 1891 or 1892.   That the defendant is now in the possession of the land.   That the plaintiff had the land inclosed and a man living on it four years before Carr took possession.

The evidence also tended to show that defendant entered into possession of the land in 1894, under his purchase from Robert S. Moore, who claimed to have purchased it at sheriff's sale under a judgment against it for taxes.   That Robert S. Moore never had possession of the land, never exercised any acts of ownership over it from the time of his purchase until he conveyed it to appellant in 1894, then he did not describe the land in contest in the deed; and on the twenty-eighth day of September, 1896, he executed a quitclaim to defendant, correcting the description of the land as described in the former deed.   That defendant took possession in 1894.   That said Moore sold a few loads of wood twelve or thirteen years ago off of some land, but he did not know whether or not it came off the land in controversy.

The record clearly shows that defendant acquired no title to the land by reason of his purchase from Moore, for the reason that the sheriff's deed under which Moore claimed title was never delivered to him, which was essential to the transfer of title.   This was a condition precedent to the effectiveness of the deed.   [Ebersole v. Rankin, 102 Mo. 488; Crowder v. Searcy, 103 Mo. 97; Sneathen v. Sneathen, 104 Mo. 201; Allen v. DeGroodt, 105 Mo. 442; Hall v. Hall, 107 Mo. 101;

Cravens v. Rossiter, 116 Mo. 338; Rumsey v. Otis, 133 Mo. 85.] And as it was not delivered, it was of no more effect than if not signed. [Turner v. Carpenter, 83 Mo. 333; Hammerslough v. Cheatham, 84 Mo. 13.] Moreover, the judgment for taxes under which the land was sold at which sale Moore became the purchaser, was absolutely void for the want of jurisdiction in the justice over the subject-matter of controversy, and the deed to Moore even if it was delivered, passed no title to him, and of course he could convey none. [State ex rel. Gordon v. Hopkins, 87 Mo. 519.]

But it is equally as clear that plaintiff did not acquire the legal title to the land by reason of the deed from Graves and wife to him of date March 23, 1869, and unless defendant was a mere trespasser (Bledsoe v. Simms, 53 Mo. 305; Spurlock v. Dougherty, 81 Mo. 171; Prior v. Scott, 87 Mo. 303) or plaintiff acquired the title through the deeds to him from the heirs of his grantor Graves before the commencement of this suit in 1895, or he had been in the visible, notorious, continued and actual possession of the land claiming it as his own for ten consecutive years before that time, he was not entitled to recover in this action.

Defendant went into the possession in 1894, under color of title. He was not therefore a mere intruder or trespasser. Nor was plaintiff's possession visible, notorious, continuous and actual for the period of ten consecutive years, which was absolutely necessary in order to give him title by the statute of limitations, and to entitle him, under the facts disclosed by the record, to recover in this action. ·Pasturing the land, and the payment of taxes upon it did not constitute such possession. [Carter v. Hornback, 139 Mo. 238; Pharis v. Jones, 122 Mo. 125.]

With respect to plaintiff's claim to the legal title it appears that John Graves under whom he claims was the owner

of section twenty-six, township fifty-seven, range twenty-three, which, according to the Government survey, contained 88.90 acres; that Graves sold this land in three different parcels. The east half of the tract he sold to Robert M. Graham, on the twenty-third day of March, 1869, and the northwest quarter of said tract containing 22.22 acres, he sold to plaintiff McVey on the same day, March 23, 1869, and the southwest quarter of said 88.90 acre tract, the land in contest in this suit, he sold to James H. Ryan, January 9, 1871. While the land is described in the deed from Graves to Ryan as the undivided one-fourth, as Graves had theretofore sold the other three-fourths, the remaining one-fourth must have been left unsold at the time of the execution of the deed by Graves to Ryan. It thus appears that Graves had disposed of all the land that he acquired by his purchase from the original patentee, Tuttle, prior to his death, and therefore no title to this land passed to his heirs at his demise, or by their deeds to plaintiff. It follows, that as plaintiff had no paper title to the land, and had not acquired the title by the statute of limitations prior to defendant's entry into its possession, he was not entitled to recover judgment for its possession.

For these considerations we reverse the judgment and remand the cause. *Sherwood, P. J.,* and *Gantt, J.,* concur.