E. W. SHRADER v. RANDOLPH COUNTY, Appellant.—163 S. W. (2d) 920.

Division Two, July 28, 1942.

*Marion E. Lamb* for appellant.

*Lawrence Holman* for respondent.

LEEDY, J.—Randolph County appeals from a judgment against it for the payment of the costs and expenses of an inquest held by respondent, Shrader, the then Coroner, upon the body of one Pierce

who died in said county on September 5, 1939. Appealed to the Kansas City Court of Appeals, that court, being without jurisdiction because a county is a party, properly transferred the cause to this court.

The case was submitted without argument on appellant's abstract of the record and brief, the respondent having filed no brief. Our rule 13 provides that the abstract "shall set forth so much of the record as is necessary to a complete understanding of all questions presented for decision. . . . Where there is no controversy as to the pleadings . . . it shall be sufficient to set out the substance of such pleadings." The bill of exceptions, after showing the appearances of counsel, recites, "And thereupon the pleadings were read to the court . . . statements were made, etc.", and the trial proceeded. But the abstract fails to set out said pleadings, or any of them, either in substance or in haec verba. Indeed, it cannot be ascertained from said abstract whether the cause reached the circuit court on appeal from the county court, or as an independent action which originated in said circuit court.

Anent this subject it was said in State ex rel. Dilliner v. Cummins, 338 Mo. 609, 92 S. W. (2d) 605, "It is settled law that an abstract of record should contain the pleadings in the cause. [Werminghaus v. Eberle (Mo.), 81 S. W. (2d) 607.] . . . The purpose of our rule requiring the abstract of record to contain the pleadings is for the convenience of the court in determining what the issues are."

As we are unable to determine whether the points briefed are within the issues, or to know what issues were tendered by the pleadings and decided by the court below, we are confronted with the necessity of dismissing the appeal. It is so ordered. All concur.