Mary BRAUN, Richard Bircher and Rodney Brinkmann, Individually And as Trustees of Ellis Farm Road and Park Association, Respondents,

v.

Nina PETTY, Appellant.

No. ED 82840.

Missouri Court of Appeals, Eastern District, Division Two.

March 16, 2004.

P. Dennis Barks, Hermann, MO, for appellant.

David L. Baylard, Union, MO, for respondents.

*OPINION*

GLENN A. NORTON, Presiding Judge.

Nina Petty appeals the judgment against her on the parties' quiet title actions. We affirm in part and reverse in part.

## I. BACKGROUND

Petty bought a portion of a larger piece of property known as Ellis Farm at a collector's delinquent tax sale in 1987. According to the letter report she obtained before acquiring the collector's deed, her title search revealed that the property she purchased was subject to a 1972 document containing restrictions and a dedication; the letter report also noted the book and page where the document was recorded. Petty went to the recorder of deed's office, but looked only for deeds of trust on the property. She did not look up the document referenced in the title report, which dedicated the property as a park for the benefit and use of the present and future owners of Ellis Farm.

Petty executed an affidavit, in accordance with section 140.405 RSMo 2000,[1] stating that the title search revealed no publicly recorded deed, trust, mortgage, lease, lien, or claim on the property. She testified that she did not notify anyone but

---

1. All statutory references are to RSMo 2000.

the record owners of the property at the time of the sale and that she believed no one else had any other kind of claim against the property. She recorded the collector's deed in 1990.

In 1999, the trustees of the Ellis Farm Park and Road Association, as trustees and as individuals owning property in Ellis Farm, sought to have Petty's deed set aside and to quiet title to the property in the owners of Ellis Farm for their use as a park. They alleged that the collector's deed was void because their predecessors were not provided notice of the tax sale and because the legal description of the property in the deed was vague and inadequate. The petition was dismissed under the applicable statute of limitations, which provides that a suit against a tax purchaser must be brought within three years of the recording of the collector's deed. *See* section 140.590. On appeal, however, this Court noted that a deed with an insufficient description of the property is void on its face and does not start the running of this limitation period. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo.App. E.D.2000). The case was reversed and remanded with directions for the trial court to determine the validity of the land description in the deed before deciding whether the action is barred by the statute of limitations. *Id.* at 525.

After remand, Petty filed a counterclaim against the trustees to quiet title to the property in her. After a bench trial, the court found that the description of the property in the deed was sufficient. It also found that the property was subject to the dedication, which was a "claim" on the property requiring notice under section 140.405 and which was revealed by the title search. Because Petty failed to provide the requisite notice, the court found that her collector's deed was a nullity. The court went on to find that "this action

to quiet title" was not barred by the statute of limitations in section 140.490 and that, with the issue before it, the court must determine title. The court concluded that the property is owned by the Ellis family, subject to the dedication for park purposes through which the trustees have a claim, and that Petty has no lawful interest in the property.

Petty moved to amend or set aside the judgment on the ground that by finding the deed's property description sufficient, the court was required to apply the three-year statute of limitations and bar the trustees' claim. She also sought to have the court adjudicate the money due to her for the taxes and interest she paid on the property under section 140.600. Her motion was denied, and she appeals.

## II.  DISCUSSION

■ On appeal of a court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We are concerned with the correctness of the trial court's result—not the reasons advanced by the court to reach that result—and will affirm the judgment if it is cognizable under any theory. *Business Men's Assurance Company of America v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999).

### A.  Statute of Limitations

■ Whether the statute of limitations applies to an action is a question of law that we review *de novo*. *Harris–Laboy v. Blessing Hospital, Inc.*, 972 S.W.2d 522, 524 (Mo.App. E.D.1998). Section 140.590 sets a three-year limitation period on the trustees' action:

Any suit or proceeding against the tax purchaser ... for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes ... shall be commenced within three years from the time of recording the tax deed, and not thereafter. . . .

The trustees' 1999 suit was not filed within three years of the 1990 recording of the deed. The trustees argue that the limitation period was tolled because Petty failed to comply with the affidavit or notice provisions of section 140.405.[2] We disagree.

The Supreme Court has noted that section 140.590 is a special statute of limitations, the running of which cannot be tolled because of fraud, concealment, or any other reason not provided in the statute itself. *Gilliam v. Gohn*, 303 S.W.2d 101, 107–08 (Mo.1957). Nevertheless, the Court has also recognized that a tax deed void on its face will not start the running of this limitation period. *Klorner v. Nunn*, 318 S.W.2d 241, 245 (Mo.1958)

(deed not witnessed by county clerk was void on its face and did not trigger statute of limitations); *see also Heppler v. Esther*, 534 S.W.2d 533, 537 (Mo.App.1976) (deed lacking cite to year of unpaid taxes was void on its face); *Braun*, 31 S.W.3d at 523 (deed lacking sufficient description of property can be void on its face).[3]

■ The trustees do not challenge the trial court's ruling that the legal description of the property in Petty's deed was sufficient, and they allege no other defect that would render the deed void on its face. Rather, they cite to Petty's failure to comply with the affidavit and notice requirements of section 140.405. Because it is not readily apparent from the face of the deed that the affidavit contains a misrepresentation or that Petty failed to provide the requisite notice, those facts cannot render the deed void on its face. Those deficiencies *if proven* will "result in [Petty's] loss of all interest in the real estate." Section 140.405. But there is no authori-

---

**2.** Section 140.405 provides in relevant part:

Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate ... until the person meets with the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim.

**3.** It also appears that this Court has considered fraudulent concealment as a possible ground for tolling the limitation period in section 140.590. *Mason v. Whyte*, 660 S.W.2d 383, 387–88 (Mo.App. E.D.1983) (concluding that statute not tolled where purchaser did nothing to prevent claimants' discovery of delinquent taxes and deed of tax sale, which were in public record). The Court in *Mason*

cited to *Gilliam*, which, as stated above, actually noted that fraud is *not* an authorized reason to toll this special statute of limitations. 303 S.W.2d at 107–08. *Gilliam* did discuss tolling for fraudulent concealment, but did so in the context of the general statute of limitations for fraud in section 516.120(5) and expressly distinguished it from this section:

We may note here, however, that the section in question [140.590] contains no exception for fraud (as does [section] 516.120) and that it is a special statute of limitations. "This court has uniformly held that where a statute of limitations is a special one, not included in the general chapter of limitations, the running thereof cannot be tolled because of fraud, concealment or any other reason not provided in the statute itself."

*Gilliam*, 303 S.W.2d at 107–08 (quoting *State ex rel. Bier v. Bigger*, 352 Mo. 502, 178 S.W.2d 347, 350 (banc 1944)). Nevertheless, even if this was a ground for tolling section 140.590, there is no evidence showing that Petty fraudulently concealed facts so as to prevent discovery of the trustees' claim.

ty—in the statute or in case law—that allows a plaintiff who seeks to have a tax sale set aside because the purchaser failed to comply with section 140.405 to avoid the limitation period on that action simply by *alleging* those same failures. That cannot be what the legislature intended. *See generally Lincoln County Stone Company, Inc. v. Koenig,* 21 S.W.3d 142, 146 (Mo. App. E.D.2000) (statutes should not be construed to produce unreasonable, oppressive, or absurd results).

The trustees' action to set aside the tax sale and quiet title should have been dismissed as barred by the statute of limitations, and Petty's points I, II and III on appeal are granted to that extent. But, even disregarding the trustees' claim, the determination of title in the judgment need not be reversed because Petty's quiet title counterclaim properly put that issue before the court.

First, the three-year limitation period in section 140.590 clearly applies only to suits against the tax purchaser, not to suits brought by the purchaser, and did not bar Petty's claim. Moreover, her quiet title action gave the court the authority to "hear and finally determine any and all rights, claims, interest, liens and demands, whatsoever of the parties" concerning the property and "award full and complete relief." Section 527.150.2. Petty bore the burden to prove better title than the trustees. *Ollison v. Village of Climax Springs,* 916 S.W.2d 198, 203 (Mo. banc 1996). The tax deed was *prima facie* evidence of good title, but the trustees had the right to prove its invalidity. *Trailwoods Homeowners' Association v. Scott,* 938 S.W.2d 669, 670 (Mo.App. E.D.1997) (citing section 140.460.2).

Contrary to Petty's argument, the statute of limitations in section 140.590—barring a "suit or proceeding against a tax purchaser"—does not bar the trustees from asserting that Petty's deed is void as a *defense* to her quiet title counterclaim. The court's findings that the park dedication was a "claim" on the property entitling the trustees' predecessors to notice under section 140.405 and that Petty did not give them notice support the conclusions that her deed is a nullity and that she has no interest in the property. These findings and conclusions were properly made on Petty's counterclaim, and there is no basis for overturning them.

**B. Reimbursement of Taxes Paid**

Petty contends that the court should have entered findings and a judgment as to the amount she is to be reimbursed for the taxes and interest she paid on the property. We agree.

Section 140.600 provides that anyone who brings suit to set aside a tax sale must offer to refund the taxes and interest paid on the property by the purchaser:

1. No suit or action in any of the courts of this state ... shall hereafter be maintained by any person or corporation, against any other person or corporation, for the determination of the title to ... any lands which shall have been sold for taxes, or any interest in any such lands, or for the setting aside or cancellation of any tax deed or sale of land for taxes alleged to have been void, voidable or defective, unless such person or corporation so seeking to recover such lands, or some interest therein, or the setting aside of such tax deed or tax sale, shall in his petition offer to refund to the defendant therein ... from whom and against whom such recovery is sought, in such action, all taxes paid by such defendant, or other persons, and his grantors, remote or immediate, or by those under whom he claims, together with interest thereon from the date of

payment of such taxes to the date of the judgment in such action.

If the judgment in any such action is adverse to the purchaser, then the court must determine the amount the purchaser is owed:

> 3. All courts before which any such action may be brought or maintained shall, if the judgment in such action be adverse to the defendant, or defendants therein, and the recovery of such land, or any interest therein, be adjudged or decreed, find and adjudge by its decree or judgment the amount of money due to the defendant, or to other persons, on account of taxes or interest thereon paid as aforesaid by defendant or his grantors as aforesaid. . . .

The trustees argue that this statute, like the statute of limitations, only applies to suits brought against the purchaser, not to suits brought by the purchaser and, thus, is not applicable to an adverse judgment based on Petty's counterclaim. Although the statute speaks in terms of a refund to the "defendant," the Supreme Court has held that a strict construction allowing only purchasers designated as "defendants" to recover under this section would defeat its purpose:

> The act is remedial, seeks to promote natural justice and right by affording one having color of title under a sale for taxes protection for the taxes paid on the land in the event another recover[s] the land because the tax proceeding is void, voidable or defective. . . . It should not be given a construction causing it to operate unequally upon like classes of persons or create unsubstantial distinctions between parties to a suit unless clearly required. Considering the act as a whole, the General Assembly intended to protect the purchasers of lands at ta[x] sales to the extent of the taxes paid

on the land in the circumstances mentioned in the statute.

*Horton v. Gentry*, 357 Mo. 694, 210 S.W.2d 72, 77 (1948). In *Horton*, the Court applied the statute to purchasers who had brought suit to quiet title, but who had also defended a cross-petition challenging their title. *Id.* at 73, 77. "A holding that the law applies to 'defendants' and not to 'plaintiffs' " in that instance "is to restrict its application to a greater extent that its language requires and causes the act to differentiate between plaintiffs and defendants in the absence of substantial grounds for the distinction." *Id.* at 77.

Here, even though the trustees' action was barred by the statute of limitations, it was the initiation of that suit that prompted Petty to file the counterclaim. In this situation, it would be as contrary to the statute's purpose to deny Petty a refund simply because her tax deed was invalidated on her own petition to quiet title as it would have been for the Court in *Horton* to deny a refund based solely on the parties' designations as plaintiff and defendant. Moreover, had the trustees' suit been timely filed and the deed set aside on that suit, there is no question that Petty would have been entitled to a refund under this section. It would be unjust and inequitable to allow the trustees, who offered a refund in their petition, to avoid fulfillment of that offer because their petition was late. Receiving such a benefit from one's own untimeliness cannot be condoned. *See generally Queen City Investment Co. v. Kreider*, 31 S.W.2d 1002, 1007 (Mo.1930) (court may cancel tax deed contingent on repayment of taxes to meet "ideas of justice and equity").

Because the statute was meant to protect purchasers like Petty, the court should have considered and determined the amount she is due under section 140.600. Point IV is granted.

### III. CONCLUSION

The judgment is affirmed as to its determination of title, but is reversed for failure to adjudicate the amount due to Petty for the taxes and interest she paid on the property. The case is remanded for further proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J., concurring.